Root *v.* Erie Zoning Board of Appeals, Appellant.

Argued October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

M. *Coughlin*, with him *Gerald J. Weber*, for appellant.

*A. Grant Walker*, for appellee.

OPINION BY ERVIN, J., November 17, 1955:

This is an appeal from an order of the lower court reversing an order of the Zoning Board of Appeals of the City of Erie and ordering the issuance of a building permit to permit the construction of an office front to an existing building. No. 254, the property in question, is located on the north side of West Eighth Street in a commercial district. In such a district there may be constructed one and two family dwellings, lodging houses, multiple dwellings, hotels or hospitals, and there may be erected or alterations may be made to buildings for business use, which includes the right to manufacture products, the major portion of which are to be sold at retail on the premises. The zoning ordinance provides that the building line of any such structure or alterations to an existing structure shall be

set back at least ten feet from the street line. The permit here authorized will permit the alteration of the present building so as to add to the front thereof a well designed and artistic business front within the ten foot setback space. The testimony revealed that approximately half of the buildings on the north side of the 200 block are now and have been since the passage of the zoning ordinance in 1937 built out to the street line. No. 254 is abutted on the east by an apartment house, owned by the only objector, which apartment house is built out to the street line. Immediately abutting 254 to the west is a frame house, the owner of which does not object to the granting of this permit. Immediately abutting this last mentioned property, on its west, are store structures built out to the street line. No. 254 and the property abutting it to the west are within a well, both sides of which are blanked by the walls of existing structures built out to the street line. Other evidence was introduced over objection to show that many other structures in the nearby blocks are likewise built out to the street line. The lower court, in its opinion, said: "This particular property is within three city blocks of the heart of a rapidly growing city which at the time of the census taken in 1950 had in excess of 130,000 people."

The matter was treated, both in the lower court and in the argument before us, as a variance. A consideration of Ordinance 7933, Vol. V, of the City of Erie, the zoning ordinance, will show that §904, in appropriate language, provided for the granting of a variance by the board of appeals and then further provided for special exceptions, as follows: "In the exercise of its power the Board may, among other variances, modifications and interpretations, authorize a permit to be issued:

". . .

"15. For such variation of the area requirements of this ordinance as the Board may deem necessary to secure an appropriate improvement of a lot of such restricted area, size or shape that it cannot reasonably be improved without modification of the strict application of the provisions of this ordinance, provided such lot, at the time of the passage of this ordinance, either was held under a separate ownership from the adjoining lots, or was shown on a recorded plat to be a separate and distinct numbered lot.

"16. For a front yard of less depth than that required by this ordinance where topography or existing building development makes strict compliance unreasonable or substantially impossible."

In *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, at page 483, 41 A. 2d 744, Mr. Justice HORACE STERN, now Chief Justice, said: "An 'exception' in a zoning ordinance is one allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist. But zoning ordinances usually provide, as does the present one, for another kind of dispensation, also permitted by the statute, by which a 'variance' from the terms of the ordinance may be authorized in cases where a literal enforcement of its provisions would result in unnecessary hardship."

In the present case the application really called for a special exception rather than a variance even though the language of the application did not use the term "special exception" or "variance." Exact terminology is not required in zoning cases. Courts will treat the matter for what it really is, notwithstanding the terminology used. *Devereaux Foundation, Inc., Zoning Case,* supra. Here the applicant sought a permit which would permit the building of an extension of his present building and which would result in *a front yard*

*of less depth than that required by the ordinance* and he sought this modification because *the existing building development makes strict compliance unreasonable.* In a variance case it is necessary that two hurdles be negotiated: (1) the proof of unnecessary or peculiar hardship if the provisions of the ordinance be literally enforced and (2) proof that the granting of the variance will be in harmony with the objectives sought to be accomplished by the general scheme of zoning and substantial justice done. These standards are necessary in order to satisfy the constitutional requirement that the legislature may not delegate its power to make a law but it can make a law to delegate a power to a commission or board to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. Where the legislature establishes primary standards and then delegates to an administrative body the power to determine some fact or state of things upon which it makes or intends to make its own action depend, it is the legislature which has legislated and not the administrative body. *Bell Tel. Co. of Pa. v. Driscoll et al.,* 343 Pa. 109, 113, 114, 21 A. 2d 912.

In a special exception case it is not necessary for the board to find the two above mentioned things to exist before it is permitted to act. E. C. Yokley, at pages 323, 324 of the Second Edition of his work entitled "Zoning Law and Practice," says: "We consider it apropos of this discussion to state that as a further ground of distinction that an applicant for a *special exception* need not carry the burden of proving unnecessary hardship. It is when seeking a *variance* that the applicant therefor must show that unnecessary hardship will result unless the variance is permitted."

Our own Supreme Court, in a unanimous opinion, said: "Appellants assume that the intervenors had the

burden of proof of establishing that the granting of a special exception would better promote the health, safety, morals and general welfare of the immediate vicinity. But the intervenors were not required to lift and carry such a burden. The very ordinance under which the Board acted provided that: 'a building may be erected, altered or used, and a lot or premises *may be used, for any of the following purposes and for no others* . . . (b) *Multiple dwellings when authorized as a special exception.*' Thus the cases cited by the appellants dealing with variances are not pertinent here. The only limitation placed upon the Board of Adjustment in passing upon special exceptions (Section 1201 of the Cheltenham Zoning Ordinance), is that the Board shall 'hear and decide special exceptions to the terms of this ordinance in such cases as is herein expressly provided for, in harmony with the general purpose and intent of this ordinance with power to impose appropriate conditions and safeguards.'

"The appellants further contend that the intervenors had the burden of showing a compelling need or great desirability for the special exception, and that since this tract could be developed for single dwellings without any financial hardship and practical difficulty, the intervenors did not meet that burden. With this contention we cannot agree. It is when seeking a 'variance' that the applicant therefor must show that unnecessary hardship will result unless the variance is permitted: Berman v. Exley, 355 Pa. 415, 50 A. 2d 199; Triolo v. Exley, 358 Pa. 555, 47 A. 2d 878; Reininger Zoning Case, 362 Pa. 116, 66 A. 2d 225; Kerr's Appeal, 294 Pa. 246, 144 A. 81." *Borden Appeal,* 369 Pa. 517, 521, 87 A. 2d 465.

Many cases were cited in this present argument to show what the courts have said is necessary in order to prove an exceptional hardship. These cases are

really not pertinent. All that the board had to do in the present case was to consider the evidence and determine whether the *existing building development* extended out to the street line on both sides of the applicant's property and to consider the great number of other properties in this immediate section of the city upon which the structures had been built out to the street line and then determine whether it would be *unreasonable* to require this applicant to observe the strict letter of the zoning ordinance and not build upon the ten foot setback space. The board was given express power to act by the legislative body under this set of facts. This is not an unconstitutional delegation of legislative power because the standards are definitely prescribed by the legislative body. The lower court found that the board had abused its discretion and with this finding we agree. On appeal from a decision of a court of common pleas in a zoning matter the case comes before an appellate court as on certiorari and where there is adequate evidence to support the findings of the court below and the proceeding is free from error of law and there has been no manifest abuse of discretion, the decision will not be reversed. *Lindquist Appeal,* 364 Pa. 561, 73 A. 2d 378; *Dooling's Windy Hill v. Springfield Twp.,* 371 Pa. 290, 89 A. 2d 505; *Rolling Green Golf Club Case,* 374 Pa. 450, 458, 97 A. 2d 523.

The lower court not only considered the return of the board but heard additional evidence. We have reviewed the entire record and find that there was adequate evidence to support the findings of the court below. The proceedings are free from error of law and there has been no manifest abuse of discretion by the lower court. On the contrary, the lower court's action, considering all the evidence in this case, appears to us to be quite reasonable. To require this applicant to

observe the setback provisions of the zoning ordinance when the properties of many other owners fail to comply would be most unfair and the board's action in requiring strict compliance should be characterized as unreasonable and arbitrary.

Our disposition of this case makes it unnecessary to pass upon appellee's motion to quash the appeal.

The order of the lower court is affirmed at the cost of the appellant.