## Overholtzer v. Zoning Board of Adjustment

*J. Willard Schoelkopf*, for appellant.

*W. R. Cooper, 3rd*, for zoning board of adjustment.

GROSHENS, J., June 13, 1963.—This is an appeal from a decision of the Zoning Board of Adjustment of Upper Salford Township denying an application for a variance to permit the erection and operation of a tavern and restaurant on Sumneytown Pike.

The record discloses the following facts:

Appellant formerly operated a tavern and restaurant as a nonconforming use at another location in the township. He sold that property because of a lack

of business and retained the liquor license which he plans to use at the site in question.

Under the zoning ordinance, the entire township is classified as a "rural residential district". There are no other districts. The following land uses are permitted: single family detached dwellings, agricultural or farm use, public or parochial educational institutions, religious or philanthropic use, municipal use and noncommercial parks. In addition, private educational institutions, hospitals, cemeteries, clubs, telephone offices, passenger stations and commercial camps are permitted "when authorized by the Board of Adjustment as a variance". The ordinance also permits all other uses "when allowed as a variance by the Board of Adjustment."

Section 501 of the zoning ordinance provides:

"The Board of Adjustment shall have the following powers:

"1. To hear and decide appeals . . .

"2. To hear and decide applications for a variance of the terms of this ordinance upon which the Board is required to pass under this Ordinance.

"3. To authorize, under appeal, in specific cases, such variance from the terms of this Ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of this Ordinance will result in unnecessary hardship, and so that the spirit of this Ordinance shall be observed and substantial justice done.

"4. . . ."

Section 506 sets forth the standards which the board is to follow where it "is required to consider a variance in the Zoning Ordinance or Map in accordance with this Ordinance . . ." These standards are similar to those traditionally applied to special exceptions, and do not require the applicant to show unnecessary hardship.

Even though a zoning ordinance may not refer to the granting of a "special exception," where it is clear from the language of the ordinance that a "special exception" was intended, it will be considered as such: Root v. Erie Zoning Board of Appeals, 180 Pa. Superior Ct. 38 (1955). This is true of the zoning ordinance in the instant case. The ordinance provides for the granting of variances under two distinct sets of circumstances. Where the board is expressly directed to consider a variance by the ordinance there is no requirement that the applicant prove unnecessary hardship. The criteria to be followed are those ordinarily considered in the case of a special exception, and applications such as the one in question are properly treated as requests for special exceptions, not for variances.

A zoning provision which allows absolutely any use anywhere in the township upon the grant of a special exception is invalid. Such ad hoc determination of what use will be permitted at any given location in the township is not authorized by the enabling legislation. Zoning regulations must be made in accordance with a comprehensive plan: Act of May 1, 1933. P. L. 103 article XX, sec. 2003, added July 10, 1947, P. L. 1481, sec. 47, 53 PS §67002. Case by case selection of uses for the various areas of the township indicates the absence of a comprehensive plan. The evils of "flexible selective zoning" condemned by the Supreme Court in Eves v. Zoning Board of Adjustment, 401 Pa. 211 (1960), are present here and must be struck down.

Since we find that the scheme of allowing all uses as special exceptions is improper, the zoning ordinance is left with no valid provision for any commercial uses. The exclusion of all commercial uses of any nature from a township having an area of 8.9 square miles and a population of 1,273 persons, is arbitrary and unreasonable. Where zoning regulations have no reasonable relationship to public health, safety, morals or

general welfare they are invalid: Schmalz v. Buckingham Township Zoning Board of Adjustment, 389 Pa. 295 (1957). This is true of the regulations in question here. It cannot be maintained that the public interest requires the complete exclusion of all commercial establishments from all parts of the township, regardless of the nature of the commercial activity. Commercial uses may be controlled as to their nature and location, but their total elimination is arbitrary, and will not be permitted. Therefore, the provisions of the zoning ordinance which prevent appellant from operating a tavern and restaurant are invalid and the board must be reversed.

And now, June 13, 1963, the decision of the Zoning Board of Adjustment of Upper Salford Township denying the variance is reversed.