## Scott Appeal

*Robert S. Gawthrop, Jr.*, for appellants.
*A. Alfred Delduco*, for appellee.

KENT, J., April 13, 1972.—This matter is before the court on an appeal from an order of the Zoning Hearing Board of the Borough of West Chester.

Preliminarily, there is a question of appellant's standing in the instant proceeding. Appellants herein aver that they are parties aggrieved by the zoning hearing board's order but are not otherwise identified. Appellants did not appear before the zoning hearing board.

Under the Borough Code, an appeal lay to "any person aggrieved by any decision of the Board of Adjustment . . .": Act of Feburary 1, 1966, P. L. 1656 sec. 3207(i), 53 PS §48207(i). This ·provision was expressly repealed by the Pennsylvania Municipalities Planning Code of July 31, 1968, (No. 247) art. XII, sec. 1201(2), 53 PS §11201(2). That code provides: "Zoning appeals may be taken to court by any party before the board, or any officer or agency of the municipality": Ibid., art. X, sec. 1003, 53 PS §11003. See Dethlefson Appeal, 434 Pa. 431 (1969). However, having allowed appellants' petition for certiorari, we will not dispose of the matter on that ground.

The order in question grants an application to construct a three-story masonry apartment building and to renovate an existing building for apartment use in accordance with conditions set forth therein. The subject premises are located in an "R-7 High Density Residential" district under the borough's zoning ordinance and map. Use regulations for that district provide:

"207.1 Permitted Uses.

"In any R-7 district land, buildings, or premises shall be used by right . . . for only one of the following:

". . . 13. Apartment"

Applicant's proposed use is, accordingly, a permitted one in the subject district.

The original application to the borough's zoning officer was refused on the grounds of insufficient setback and side yards. The appeal to the zoning hearing board ensued. Subsequent to public hearing, the board entered its order directing the issuance of a permit. Appellants herein petitioned for, and were allowed, a writ of certiorari.

Thereafter, the board submitted an opinion and findings of fact. Although neither the appeal to the zoning hearing board nor the board's order refers expressly to the application as one for a special exception, its opinion indicates that it so considered the matter. This, it may properly do: Root v. Erie Zoning Board of Appeals, 180 Pa. Superior Ct. 38 (1955).

Before the board it appeared that the subject premises had been held in single and separate ownership at the effective date of the zoning ordinance and long prior thereto. It further appeared that the applicant does not own or control other adjoining property. Neither of these facts are disputed.

The borough's zoning ordinance provides:

"602.1 Lots Non-conforming as to area and width regulations.

"A building may be erected or altered on any lot held at the effective date of this Ordinance in single and separate ownership which is not of the required minimum area, or width, or is of such unusual dimensions that the owner would have difficulty in

providing the required open spaces for the district in which such lot is situated, provided a special exception is authorized by the Board of Adjustment, and provided further that the applicant does not own or control other adjoining property sufficient to enable him to comply with the provisions of this Ordinance as amended."

Appellants raise no question as to the propriety of the board's order in permitting the renovation of the existing building. They do, however, contend that the construction required for the six additional units is forbidden by the language of section 602.1, supra, which, they urge, limits this applicant to the alteration of the existing structure, since the lot in question has a building presently erected upon it. They concede that were the lot vacant, the applicant would have the right to request an exception to construct an apartment building as a permitted use, but contend that the presence of an existing structure limits the applicant to its alteration under section 602.1. They further assert that the proposed construction exceeds anything that might be called an alteration.

With these contentions, we do not agree. Appellants read section 602.1 as stating that a building may be erected only on a *vacant* or *unimproved* lot held in single and separate ownership at the effective date of the ordinance. The emphasized modifiers do not appear in the ordinance, nor are they required to effectuate its meaning or purpose. Section 102.1 of the ordinance defines "lot" as "a tract or parcel of land held in single and separate ownership." The existence or nonexistence of improvements are not elements of this definition.

To hold that the presence of a building upon such a lot necessarily limits the owner to its alteration and precludes any further "erection," while the absence

of any building would permit such construction does violence to the plain meaning of the ordinance.

Appellants herein concede that if the applicant brings himself within the requirements for a special exception, the burden is upon them to show that the proposed use is harmful to public health, safety, welfare or morals: Appeal of Stefonick, 1 Com. Ct. 13 (1970). This, there is no attempt to do. It further appears that the proposed use does not increase either nonconformity and that the board has properly considered the standards for special exceptions set forth in the ordinance.

No further evidence having been taken, our function is to review the action of the board on the record made before that body to determine whether the board committed a manifest abuse of discretion or error of law: Pyzdrowski et ux. v. Pittsburgh Board of Adjustment, 437 Pa. 481 (1970). Finding none, we make the following

### ORDER

And now, April 13, 1972, the appeal of J. Lanier Jordan and Emmy T. Jordan is dismissed; each party shall pay his own costs.