In Re: Appeal of Frederick J. Peruzzi from the Falls Township Zoning Hearing Board. Township of Falls, Appellant.

Argued October 4, 1979, before Judges CRUMLISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Mindy M. Brode,* with her, *David H. Moskowitz, Moskowitz & Zamparelli,* for appellant.

*Richard P. McBride,* with him, *Power, Bowen & Valimont, Leonard B. Sokolove, Sokolove, Pechter, Stief & Waite,* for appellee.

OPINION BY JUDGE MACPHAIL, January 9, 1980:

The Township of Falls (Township) appeals to this Court from an order of the Court of Common Pleas of Bucks County granting Frederick J. Peruzzi (Peruzzi) recognition of a non-conforming use. Although variously stated by the parties, the sole issue before us is whether Peruzzi had perfected an appeal concerning the non-conforming use to the Court of Common Pleas and, accordingly, whether that Court could enter the order at issue here. For the reasons which follow, we hold that Peruzzi had perfected his appeal and we affirm the Court's order.

The facts of this case are undisputed as they relate to this appeal. Peruzzi, upon being denied an occupancy permit for the purpose of using the property in question as a used car lot, requested a use

variance from the Township's Zoning Hearing Board (Board). The application was later amended to include an application for recognition of a non-conforming use. Following two hearings, the Board denied the applications. Peruzzi appealed the denial of both the variance and the continuation of the non-conforming use to the Court of Common Pleas of Bucks County. Following a conference conducted pursuant to Bucks County Rule of Civil Procedure 27, the Court remanded the case to the Board. Upon rehearing the matter, the Board granted Peruzzi a conditional variance and affirmed the previous denial of the recognition of the non-conforming use. The Township appealed the grant of the variance to the Court of Common Pleas. Peruzzi filed "Exceptions to Decision and Order of the Zoning Hearing Board of December 8, 1977" challenging the denial of the continuation of the non-conforming use. The Township filed preliminary objections to Peruzzi's exceptions. The Court of Common Pleas, without taking additional testimony, entered an order reversing the Board's decision granting the variance. However, the Court's order recognized the continuation of the non-conforming use.

The Township's argument that the Court erred in recognizing the non-conforming use because that issue was not before the Court is two-pronged. The Township argues first that the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 *et seq.,* establishes the exclusive method of appeal from an order of the Board. The Township contends that because the filing of exceptions is not one of the appellate procedures authorized by the MPC, Peruzzi's exceptions could not serve to preserve the non-conforming use issue for consideration by the Court. The Town-

ship's second argument is that Peruzzi's initial appeal on the non-conforming use issue was mooted when the Court remanded the proceedings to the Board and his failure to raise the issue by way of proper appeal after the Board's second decision prevents the Court from considering the question.

The Township's argument that the MPC provides the exclusive remedy for challenging a decision of the Board is correct. *In Re: Appeal of Gilbert,* 34 Pa. Commonwealth Ct. 299, 307-08, 383 A.2d 556, 559-60 (1978); *Appeal of Cibula v. Bradford Township,* 25 Pa. Commonwealth Ct. 333, 335, 360 A.2d 812, 813 (1976). Contrary to the Township's assertions, however, we find that Peruzzi did so perfect his appeal.

Following the Board's initial decision denying Peruzzi's application for both the variance and the continuation of a non-conforming use, he appealed the Board's order. It is undisputed that the appeal was procedurally correct. Following a conference conducted pursuant to a local rule of Court, the matter was remanded to the Board. After taking further testimony, the Board reconsidered its prior decision and entered a subsequent order granting the variance and denying the continuation of the nonconforming use. The Township appealed from the subsequent order to the Court of Common Pleas *under the same court term and number as the original appeal filed by Peruzzi.* Even though Peruzzi did not then file a cross appeal on the issue of the nonconforming use, we are satisfied that that issue had been preserved for the Court's consideration. Nothing in the record indicates that Peruzzi had abandoned his original grounds of appeal. To hold that Peruzzi's failure to cross appeal following the Board's second decision when the issues raised by his first appeal were still viable would exalt form over substance.

We refuse to do so. The Common Pleas Court did not err in considering the non-conforming use issue or in basing its decision on that ground.[1]

Even if we were to hold that Peruzzi had not preserved the non-conforming use issue for the Court's consideration, we would affirm the order. Again, we must refrain from putting form over substance. In zoning cases, "[c]ourts will treat the matter for what it really is, notwithstanding the terminology used." *Root v. Erie Zoning Board of Appeals,* 180 Pa. Superior Ct. 38, 41, 118 A.2d 297, 299 (1955). As the Court said in *Hartenstine v. Pottstown Zoning Board of Adjustment,* 88 Montg. 149, 151 (1967),

> It is the substance of a zoning board's order rather than the terms in which the order is couched that determines the nature of the grant: Root v. Erie Zoning Board of Appeals, 180 Pa. Superior Ct. 38 (1955). The erroneous usage of the term 'special exception' will not invalidate an order where the right to a variance has been established, and, therefore, we must decide whether or not the board of adjustment was warranted in granting a variance to Coventry under the facts introduced.

Where, as here, the Board errs in its conclusion but its findings will support an alternative conclusion, the Court itself may reach the latter conclusion. *See Ridley Township v. Pronesti,* 431 Pa. 34, 37, 244 A.2d 719, 721 (1968).

It is uncontested on appeal that Peruzzi established his right to a continuation of a non-conforming

---

[1] Since we have held that the issues raised in Peruzzi's original appeal were still properly before the Court after the Board's second decision, we need not decide whether his raising the non-conforming use issue in exceptions to the Board's decision also brought that issue within the Court's jurisdiction.

use.[2] The fact that the Board incorrectly granted him a variance does not diminish his right to the continuation of the non-conforming use if such a conclusion was warranted. The Court of Common Pleas held that it was. The order is affirmed.

ORDER

AND Now, this 9th day of January, 1980, the order of the Court of Common Pleas of Bucks County, Civil Action—Law, No. 77-7285-05-5, dated November 28, 1978, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.

---

[2] The Township does not challenge the Court's decision on the merits. It apparently concedes that if the non-conforming use issue was properly before the Court, the Court's decision is correct.