James K. Overstreet and Evelyn Overstreet v. Zoning Hearing Board of Schuylkill Township. Schuylkill Township, Appellant.

James K. Overstreet and Evelyn Overstreet, Appellants v. Zoning Hearing Board of Schuylkill Township, Appellee.

Argued October 1, 1979, before Judges Mencer, Blatt and Craig, sitting as a panel of three.

*Roger E. Legg,* of *Gawthrop & Greenwood* for Township.

*William J. C. O'Donnell,* of *O'Donnell and O'Donnell,* with him *Thomas W. Andrews* for applicants.

OPINION BY JUDGE CRAIG, February 22, 1980:

These zoning cross-appeals come to us from the Court of Common Pleas of Chester County, which adopted a referee's report and denied application of the Overstreets (owners) for permission to extend their mobilehome park in Schuylkill Township.

The subject property is a roughly rectangular tract of about 15.5 acres, bisected by a minor stream trending northwest to southeast, which generally divides the northeast portion from the remainder.

In the late 1940's Clyde Kahler, an early predecessor in interest, established a mobilehome park in the westerly portion of the tract, with about 45 mobilehome spaces at the time the township enacted its

zoning ordinance in 1955. That ordinance placed the subject tract, in its entirety, within an R-3 Residential District, where a mobilehome operation was, and is, not among the permitted uses.

The present owners acquired the tract at auction in 1965 from the Yashuras, their immediate predecessors in interest. In 1969, owners requested permission to improve the easterly portion of the tract, by placing 70 mobilehome spaces there, along with grading and paving for access, and necessary utility and sanitary facilities.

Following the township zoning hearing board's denial of their request, owners appealed to common pleas court setting forth the following bases of appeal:

1. The Appellant's [sic] entire tract (the subject of the zoning application) was a nonconforming use at the time of the first zoning ordinance in Schuylkill Township.

2. The Appellant's [sic] application is in the alternative for a reasonable extension of their nonconforming use.

3. The Appellant's [sic] are entitled to a variance.

For reasons not pertinent to the merits of these appeals, the court below struck out the findings of the township zoning board and the court below referred the case to a referee, to review the existing record, take any additional evidence, and reconsider the application *de novo*. After an additional hearing, at which testimony was entered, the referee and the parties conducted a view of the tract and also viewed motion pictures and slides of the property taken by adjoining property owners.

Where additional evidence is taken, and the court decides the matter *de novo,* our review is limited to

a determination of whether the court committed an error of law or an abuse of discretion. *Seltzer v. Zoning Board of Adjustment of the City of Pittsburgh,* 39 Pa. Commonwealth Ct. 520, 395 A.2d 1041 (1979); *Mont-Bux, Inc. v. Township of Cheltenham,* 36 Pa. Commonwealth Ct. 397, 388 A.2d 1106 (1978).

The referee's report, adopted by the court below, found that the mobilehome operation constituted a lawful nonconforming use as to the westerly half of the property, or approximately 7 1/2 acres of the total, and, conversely, that the remaining eastern half of the tract was in fact unused open ground. Thus the referee concluded that the owners were entitled to continue their nonconforming mobilehome operation on the westerly half of the tract, which had already been developed to the extent that 52 mobilehomes were situated within that area.

Additionally, the referee opined that the owners would be permitted by the ordinance to expand their operation by 25%, but that any expansion greater than that could be accomplished only by variance, in accordance with *City of Philadelphia v. Angelone,* 3 Pa. Commonwealth Ct. 119, 280 A.2d 672 (1971). With regard to expansion beyond a 25% limit in the ordinance, as interpreted by the referee,[1] he found that

---

[1] Article XIII of the ordinance, by its terms, provides that any *building* fully devoted to a nonconforming use may be expanded by 25% *of the area of that building.* The referee viewed this provision as an allowance of the ordinance, not just a restriction, and thus applied the 25% figure by analogy to the expansion of this use, although this use inherently incorporates more than a single "building." Further, the township in its brief directs us to this provision, in relation to those cases where quantitative restrictions on the expansion of nonconformities have been upheld, e.g., *City of Philadelphia v. Angelone,* 3 Pa. Commonwealth Ct. 119, 280 A.2d 672 (1971); *Torak v. Board of Adjustment of Upper Merion,* 2 Pa. Commonwealth Ct. 48, 277 A.2d 521 (1971); *Appeal of Groff,* 1 Pa. Commonwealth Ct. 439, 274 A.2d 574 (1971).

the owners had failed to demonstrate the legal prerequisites to the grant of a variance, and accordingly denied that alternative request.

The township's appeal presents only one contention: that the referee's finding of a lawful nonconforming use of the westerly half as a mobilehome park was erroneous, allegedly unsupported by any evidence as to the use of the property at or about the time the ordinance was enacted in 1955. Although no specific reference appears to the use of the property on March 25, 1955, the precise date of the ordinance's enactment, our thorough review of the record in this case convinces us that this argument is without merit. The record is clear that the use of the tract for mobilehome purposes began in the late 1940's, and that, although the precise number of mobilehomes on the tract fluctuated somewhat, that use continued without abandonment from its inception to the present.

The owners' appeal is broader in its scope, and asserts three bases in support of their argument for reversal.

The first challenge is that the ordinance is unconstitutionally exclusionary as it applies to the owners. We do not address this issue because it was not raised in the court below. It is axiomatic that matters neither raised before or considered by an inferior

---

Thus the township has not raised any issue as to the referee's interpretation, which is actually a dictum because the order below denies the application.

The owners challenge the application of that provision to the facts at hand. Although we likewise entertain some doubt as to the provision's applicability, our imposition of a more restrictive interpretation might preclude even the 25% expansion considered allowable by the dictum of the referee, adopted by the lower court. In light of our holding with regard to the requested variance, we may safely assume that the owners are not irrevocably committed to their challenge.

tribunal cannot be initially considered on appeal. *Richland Township v. Hellerman,* 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977).

The owners' second argument takes issue with the determination that their lawful nonconforming use extended only over the western section of the tract, and contends that their right to expand that use extends to the whole of the tract, because the tract was devoted in its entirety to the mobilehome operation.

The burden of proving the extent or existence of a nonconforming use rests on the property owner who would claim the benefit of the rights accorded property with that status. *Little v. Abington Township Zoning Hearing Board,* 24 Pa. Commonwealth Ct. 490, 357 A.2d 266 (1976). Further, that proof must be by way of objective evidence. *Cook v. Bensalem Township Zoning Board of Adjustment,* 413 Pa. 175, 196 A.2d 327 (1964).

Our review of the record reveals that the evidence before the referee was conflicting as to the extent of the nonconformity. Although Overstreet and one of his predecessors in interest testified with regard to peripheral or passive uses of the eastern portions of the tract, there was also considerable testimony to the effect that such portion was unused in any manner whatsoever. The evidence does not compel a conclusion that the entire tract was devoted to the operation; we see no basis upon which to override the decision below that only the western half of the property was so devoted.

The owners' third argument is in support of their requested variance for the eastern portion of the tract. The applicable principle is as follows:

> With respect to the question before us in this matter, certain principles have been developed. . . . Structures may be erected on open

land previously devoted to a nonconforming use, as of right. However, the erection of structures upon land not previously so used, may only be accomplished by way of variance, the requisites of which are hardship to the owner and absence of detriment to the public interest. Pierce Appeal, 384 Pa. 100, 119 A.2d 506 (1956); Mack Appeal, 384 Pa. 586, 122 A.2d 48 (1956).

*City of Philadelphia v. Angelone,* 3 Pa. Commonwealth Ct. at 128, 280 A.2d at 677.

The burden on an applicant for a variance from a zoning ordinance to show unnecessary hardship is not met by merely showing that compliance with the ordinance requirements will result in the owner being denied a reasonable profit. *A & D, Inc. v. Zoning Hearing Board of East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977).

Reviewing the record in light of these principles, we find no error in the denial of the requested variance.

Accordingly, we affirm the court below in the appeals of both the township zoning hearing board at No. 1124 C.D. 1978, and the owners, at No. 1356 C.D. 1978.

### ORDER

AND Now, this 22nd day of February, 1980, the order of the Court of Common Pleas of Chester County, appealed at No. 1124 and No. 1356 C.D. 1978, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.