Robert I. Malakoff and Carole E. Malakoff, his wife, Appellants v. The Board of Adjustment of the City of Pittsburgh and 568 South Aiken Corporation and J.D.J. Associates, Appellees.

Argued May 3, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*William R. Grove, Jr.,* for appellants.

*Charles M. Means,* with him *Seymour J. Schafer, Markel, Schafer & Means,* for appellees.

OPINION BY JUDGE DOYLE, February 16, 1983:

Robert I. Malakoff and Carole E. Malakoff (Appellants) bring this appeal from the order of the Court of Common Pleas of Allegheny County which affirmed the decision of the Board of Adjustment of the City of Pittsburgh (Board) to grant certain special exceptions and variances to 568 South Aiken Avenue Corporation and J. D. J. Associates, (Intervenors, hereinafter Applicant).

Applicant is the owner of the subject property, 568 South Aiken Avenue, which is located in an R-2, two-family residential district in the seventh ward of the City of Pittsburgh. The property is bounded on the east by South Aiken Avenue, on the north by a railroad right of way, on the west and south by residential dwellings. The front or eastern portion of the property is improved with a vacant brick structure, which is six stories in the front and four stories in the rear. This structure was last occupied approximately six years ago as service/sales offices and for warehousing/storage purposes; both of these uses are nonconforming. To the rear of this structure, on the western portion of the property, there is situated an unimproved lot having no street access.

Applicant sought permission from the Board to reconstruct the warehouse to accommodate business and professional offices and, further, to erect a four story parking garage on the vacant lot. Following a hearing, the Board rendered its decision which granted Applicant certain relief which can be summarized as follows:

1. A special exception under Section 909-.06(b)(5) of the Pittsburgh Code of Ordinances (Code) to change the occupancy from a nonconforming use (warehouse building) to a new nonconforming use (professional and business use).

2. A special exception under Section 909-.06(b)(17) of the Code to rehabilitate the existing structure and to erect a parking garage on the rear lot.

3. A variance from 20 feet to six inches in a portion of the north side yard requirement.

4. A variance to increase the special exception limitation which restricts the enlargement of a nonconforming structure to 25% of the gross floor area of the structure.

Initially, we note that since the court below did not take additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed error of law in its findings of fact or conclusions of law. *Cook v. Marple Township Zoning Hearing Board*, 55 Pa. Commonwealth Ct. 535, 423 A.2d 1105 (1980). Appellants, who are owners of land adjacent to the subject property, contend that the Board committed error of law by permitting the construction of a parking garage on the rear unimproved lot through the grant of a special exception pursuant to Section 909.06(b)(17) of the Code. With this contention we would agree since that section of the Code deals only with the "[r]ehabilitation and/or limited enlargement of a nonconforming structure and extension of the use therein.... " Section 909.06(b)(17) of the Code. The construction of a parking garage on the vacant rear lot clearly would not fall within the purview of this section of the Code.

Appellants further argue that since that portion of the property which would accommodate the parking garage had never before been devoted to a nonconforming use, and there are no provisions in the Code to allow that use as a special exception, the erection of the garage may only be accomplished by the grant of a variance.[1] We agree. However, the fact that the Board granted a special exception, rather than a variance, to

---

[1] *See Overstreet v. Zoning Hearing Board of Schuylkill Township*, 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980) which did not involve the grant of a special exception, but, in quoting *City of Philadelphia v. Angelone*, 3 Pa. Commonwealth Ct. 119, 128, 280 A.2d 672, 677 (1971), did hold that "the erection of structures upon land not previously so used [as a nonconforming use], may only be accomplished by way of variance, the requisites of which are hardship to the owner and absence of detriment to the public interest." [citations omitted]. *Overstreet* at 402-403, 412 A.2d at 172.

accommodate the proposed parking garage does not preclude relief to the Applicant. Where the conclusion of the Board is in error, but the findings will support an alternate conclusion, we may reach the alternate conclusion. *Township of Falls Appeal*, 48 Pa. Commonwealth Ct. 392, 410 A.2d 93 (1980). Exact terminology is not required in zoning cases. Courts will treat the matter for what it really is, notwithstanding the terminology used. *Township of Falls; Application of Phi Lambda Theta House Association*, 400 Pa. 60, 161 A.2d 144 (1960). As we noted in *Township of Falls*:

> [W]e must refrain from putting form over substance.... "[U]sage of the term 'special exception' will not invalidate an order where the right to a variance has been established, and, therefore, we must decide whether or not the board of adjustment was warranted in granting a variance to [the applicant] under the facts introduced."

*Township of Falls*, 48 Pa. Commonwealth Ct. at 396, 410 A.2d at 94-95 (quoting *Hartenstine v. Pottstown Zoning Board of Adjustment*, 88 Montg. 149, 151 (1967)). In the case at bar, the findings of the Board, which we conclude were supported by substantial evidence, provide an adequate basis for the grant of a variance for the proposed parking garage.

A variance may be granted when strict application of the zoning ordinance would result in a unique burden which creates an unnecessary hardship peculiar to the subject property; provided that the grant of the variance does not adversely affect public health, safety or welfare. *Schaefer v. Zoning Board of Adjustment of the City of Pittsburgh*, 62 Pa. Commonwealth Ct. 104, 435 A.2d 289 (1981). By judicial definition, unnecessary hardship can be established by showing that the physical or topographical features of the property

are such that the property cannot be used for a permitted use without prohibitive expense. *Marlowe v. Zoning Hearing Board of Haverford Township*, 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980). And a property which is completely landlocked, with no public street frontage, exhibits a physical feature which can establish unnecessary hardship. *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A.2d 677 (1970); *Vitale v. Zoning Hearing Board of Upper Darby Township*, 63 Pa. Commonwealth Ct. 604, 438 A.2d 1016 (1982). Here, the property upon which the parking garage is proposed to be built is not only landlocked, but also situated at the base of a deep slope along both the western boundary and a portion of the southern boundary. We are convinced that these peculiar features effectively preclude the development of Applicant's property for a permitted purpose.

The Board found that the proposed parking garage would not adversely affect the public health, safety or welfare. Since this finding is supported by substantial evidence, we may not substitute our evaluation of the testimony for the Board's. *Township of Haverford v. Zoning Hearing Board of Haverford Township*, Pa. Commonwealth Ct. , 439 A.2d 1299 (1982). Furthermore, we note that the parking garage is merely supplemental to the professional office use of the existing adjacent structure.[2] This structure, which is currently vacant and the subject of vandalism, presents a hazard to the community. Testimony from both adjoining landowners and community groups indicated that the development of Applicants' property would not only alleviate this hazard, but also constitute a welcome improvement to the neighborhood.

---

[2] Section 989.01 of the Code requires that a professional or business office have one parking space for every 500 square feet of floor area over 2,400 square feet. Therefore, the garage is necessary to enable the applicants to use their building as a professional and business office.

Convinced that the necessary conditions precedent to the grant of a variance have been satisfied, we enter the following

### ORDER

Now, February 16, 1983, the order of the Court of Common Pleas of Allegheny County, dated the thirteenth of April, 1981, which granted the application of 568 South Aiken Corporation and J. D. J. Associates is hereby affirmed insofar as it is not inconsistent with this opinion.

Judge WILLIAMS, JR. dissents.