The Municipality of Monroeville, Appellant *v.* The Zoning Hearing Board of Monroeville in the Matter of Walter Sisco and Styles by Sisco, Inc., Appellees.

Argued March 14, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Gary T. Zolyak,* with him, *John D. Finnegan,* for appellant.

*John M. Silvestri,* for appellee, Zoning Hearing Board of Monroeville.

*James F. McCormick, Papernick & Gefsky, P.C.,*
for intervenor, Styles by Sisco, Inc.

OPINION BY JUDGE PALLADINO, September 20, 1985:
The Municipality of Monroeville (Appellant) appeals a decision of the Court of Common Pleas of Allegheny County (trial court) which affirmed a decision of the Zoning Hearing Board of Monroeville (Board) granting a variance to Walter Sisco (Intervenor). We affirm.

Intervenor is the owner of real property located at 4351 Old William Penn Highway, Monroeville, Allegheny County. Under the provisions of the Monroeville Zoning Ordinance (ordinance), a portion of the property is zoned R-2 Residential and a portion is zoned C-2 Commercial. The property is currently improved with a two-story building which is used as a commercial hair styling business. The Building is located on that portion of the property which is zoned R-2. The operation of a commercial use within the R-2 zoning district constitutes a nonconforming use within a nonconforming structure which was approved by the Board by a special exception granted in 1975.

In May of 1983 Intervenor filed an application for two variances which would allow him to expand the existing structure. The expansion would be accomplished by building an addition to the existing structure. The addition would be located partly on the portion of the property zoned R-2 and partly on the portion of the property zoned C-2. That part of the addition located in the R-2 district would be used by Intervenor to expand his hair styling business. That part of the addition located in the C-2 district would be leased as professional office space. The part of the addition which would lie within the C-2 district does not require a variance as it complies with the restrictions of the ordinance.

After five hearings, at which testimony was taken from Intervenor and protestants, the Board granted Intervenor a variance from two sections of the ordinance: (1) Section 1301.7,[1] which states that where a property is divided into two or more different zoning classifications, each classification shall be treated as a different property, and (2) Section 1306.4[2] which states that a nonconforming structure and use thereof shall not be expanded except that the Board may allow limited enlargement of a commercial structure and the use thereof because of the normal growth of business.

Appellant appealed this decision to the trial court which, without taking additional testimony, affirmed the Board's decision. Appellant now brings this appeal. Initially, we note that when the trial court takes no additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Feldman v. Zoning Hearing Board of Pittsburgh,* 89 Pa. Commonwealth Ct. 237, 492 A.2d 468 (1985).

---

[1] Section 1301.7 provides:

Where one (1) parcel of property is divided into two (2) or more portions by reason of different zoning district classifications, each of these portions shall be used independently of the others in its respective zoning classification; and for the purposes of applying the regulations of this ordinance, each portion shall be considered as if in separate and different ownership.

[2] Section 1306.4 provides:

A nonconforming structure and the use thereof may be continued, but shall not be enlarged, expanded, or extended and no structural alterations shall be made other than those ordered by an authorized public officer to assure the safety of the structure, except that in the case of a nonconforming commercial or industrial structure, other than a sign, the Zoning Hearing Board may allow limited enlargement and extension of the use therein because of the normal growth of business. (See Section 1604.2-a(3)).

Appellant argues that the Board committed an error of law in granting Intervenor's application for a variance because the ordinance permits the expansion of a nonconforming use or structure by special exception only. We agree. The fact that the Board granted a variance rather than a special exception, however, does not require that we reverse the Board's decision. Where the Board's conclusion is in error, but its findings will support an alternate conclusion, this Court may reach that alternate conclusion. *Malakoff v. Board of Adjustment, City of Pittsburgh,* 72 Pa. Commonwealth Ct. 109, 456 A.2d 1110 (1983). This Court will treat the matter for what it really is, notwithstanding that inaccurate terminology was used. *Id. See also Application of Phi Lambda Theta House Association,* 400 Pa. 60, 161 A.2d 144 (1960); *Township of Falls Appeal,* 48 Pa. Commonwealth Ct. 392, 410 A.2d 93 (1980).

> [W]e must refrain from putting form over substance. . . . '[U]sage of the term "special exception" will not invalidate an order where the right to a variance has been established, and, therefore, we must decide whether or not the board of adjustment was warranted in granting a variance to [the applicant] under the facts introduced.'

*Township of Falls,* 48 Pa. Commonwealth Ct. at 396, 410 A.2d at 94-95 (quoting *Hartenstine v. Pottstown Zoning Board of Adjustment,* 88 Montg. 149, 151 (1967)).

We conclude that the facts presented to the Board in the case at bar support the granting of a special exception pursuant to the ordinance. Section 1604.2-a-3[3]

---

[3] Section 1604.2-a-3 provides:

To hear and decide the following (special exceptions) to the terms of this ordinance and to authorize a permit:

authorizes the Board to grant a special exception in any district for the enlargement of a nonconforming commercial structure and extension of a nonconforming use provided: (a) the gross floor area of the enlargement does not exceed fifty percent of the gross floor area of the nonconforming structure; (b) the enlargement is reasonably necessary because of normal growth of the business; (c) all other applicable requirements of the ordinance are complied with; and (d) the Board shall impose such conditions as it deems necessary to protect adjacent conforming uses and structures.

The facts presented to the Board establish that the floor space of the addition which will be within the R-2 district is less than fifty percent of the gross floor area of the existing structure and that the addition is reasonably necessary to accommodate the normal growth of Intervenor's business. All other requirements of

---

a. In any district, for:

. . .

3. The enlargement of a nonconforming commercial or industrial structure, other than a sign, and the extension of a nonconforming use throughout said structure provided:

a) The gross floor area of the enlargement shall not exceed fifty (50) percent of the gross floor area of the nonconforming structure, or nonconforming portion thereof, on the effective date of this ordinance, or any amending ordinance which later makes such structure, or portion thereof, nonconforming.

b) It shall be demonstrated to the satisfaction of the Board that such extension or enlargement is reasonably necessary at the concerned location because of normal growth of business.

c) All other applicable regulations and requirements of this ordinance shall be complied with.

d) The Board shall impose such conditions and safeguards as it deems necessary in order to protect adjacent conforming uses and structures against the adverse effects of such nonconformity.

the ordinance will be complied with except Section 1301.7 from which the Board properly granted a variance.[4] Finally, the Board determined, and the record supports the Board's determination, that adjacent conforming uses will be adequately protected because the property is bordered by heavy woods on one side and is ten feet below street level on the other side.

Accordingly, the order of the trial court is affirmed.

ORDER

AND Now, September 20, 1985, the order of the Court of Common Pleas of Allegheny County, at 703 of 1983, dated February 1, 1984, is affirmed.

Judge BARRY did not participate in the decision in this case.

---

[4] A variance may be granted when the strict application of the zoning ordinance would result in a unique burden which creates an unnecessary hardship peculiar to the subject property, provided that the grant of the variance does not adversely affect the public health, safety or welfare. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). In the case at bar the Board found, and its findings are supported by substantial evidence in the record, that the topographical features of the property create the requisite hardship and that the proposed use will not be detrimental to the public interest. The variance from Section 1301.7 is therefore proper.