539 A.2d 915

Fred E. Snyder and Norma R. Snyder, his wife, Appellants *v.* York City Zoning Hearing Board, Appellee.

Argued February 22, 1988, before Judges MACPHAIL, COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Robert P. Kane*, with him, *Timothy E. Kane, Kane and Kane*, for appellants.

*David Schaumann, Blakey, Yost, Bupp & Schaumann*, for York College of Pennsylvania.

*Rodney Edward Rexrode*, Assistant City Solicitor, for appellee.

OPINION BY JUDGE COLINS, March 30, 1988:

Fred E. Snyder and Norma R. Snyder (appellants) appeal the decision of the Court of Common Pleas of York County which affirmed the decision of the York City Zoning Hearing Board (Board) granting York College of Pennsylvania (applicant) two variances: one for a use variance to place a 121-car parking lot for students in the RS-2 Zone and a second variance to allow excess impervious surface to be placed on that lot.

The pertinent facts are as follows:

The subject property is owned by the applicant and is an irregularly shaped parcel consisting of 1.986 acres of land and is unimproved, except for an abandoned garage building. It is encumbered by three separate street easements.[1]

The city ordinance vacating the streets stipulates that no construction can be made anywhere on the ease-

---

[1] These easements consist of: South Penn Street extended from West Jackson Street to West Springettsbury Avenue, Butler Alley which runs in an east-west direction across the center of the property, and Hersh Alley which also runs in an east-west direction.

ments which account for approximately twenty-seven percent (27%) of the lot area. In addition, approximately thirty-two percent (32%) of the total area of the property is located within the 100-year flood plain.[2]

On September 18, 1986, the Board heard the matter and, approving requested variances, issued a short summary opinion stating its reasons for granting the request. Appellants appealed this order on October 15, 1986, to the Court of Common Pleas of York County. The Board's September 18, 1986, order was later supplemented by a more extensively detailed finding issued December 18, 1986.

Appellants contend that the Board erroneously granted the variances inasmuch as the applicant failed to meet its burden of proving that the land was valueless, or that it could not be used for the uses which constitute the principal permitted uses in this residential district, pursuant to Section 1306.06(d) of the City Zoning Ordinance.[3]

Appellants further contend that the record is devoid of any evidence which would allow the applicant to exceed the twenty percent (20%) impervious surface requirement for residential property.

Finally, appellants argue that the Board, without obtaining prior approval, incorrectly filed supplemental findings of fact and conclusions of law after the record had been produced by certiorari to the trial court.

Appellee counters that appellants are applying an "impossibility test," not adopted by Pennsylvania

---

[2] No construction can take place on the flood plain and all construction has to be set back from the edge of the flood plain.

[3] The requirements set forth in Section 1306.06(d) of the City Zoning Ordinance (Ord. 34-1982, passed 1/18/83) are nearly those provided for in Section 912 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

courts, which would require a zoning variance applicant to prove that there is absolutely no possibility that the property could be developed in strict compliance with statutory provisions before a zoning board could grant a variance.

Appellee further states that it did not abuse its discretion in waiving the imposition of the residential coverage requirement since the applicant had to meet the requirements for a parking area, not those for residential property.

Initially, we note that our scope of review of an agency decision where no additional evidence is presented subsequent to the Board's determination is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law in granting the instant variances. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

This Court held in *Malakoff v. Board of Adjustment of the City of Pittsburgh*, 72 Pa. Commonwealth Ct. 109, 113, 456 A.2d 1110, 1113 (1983) that, "[a] variance may be granted when strict application of the zoning ordinance would result in a unique burden which creates an unnecessary hardship peculiar to the subject property; provided that the grant of the variance does not adversely affect public health, safety, or welfare." (Citation omitted.) Further, variances should be granted " 'sparingly and only under exceptional circumstances.' " *Ottaviano v. Zoning Board of Adjustment of Philadelphia*, 31 Pa. Commonwealth Ct. 366, 368, 376 A.2d 286, 288 (1977). (Citations omitted.)

In the case at bar, the findings of the Board which we conclude are supported by substantial evidence, provide an adequate basis for the grant of the variances.

This Court held in *Marlowe v. Zoning Hearing Board of Haverford Township*, 52 Pa. Commonwealth Ct. 224, 232, 415 A.2d 946, 950 (1980) that:

> An applicant for a variance can establish the ex-
> istence of . . . a hardship by showing that the
> physical or topographical features of the proper-
> ty are such that it cannot be used for the permit-
> ted purpose or that the physical features are
> such that the property can be arranged for such
> use only at a prohibitive expense. (Citation omit-
> ted.)

Here, the property upon which the parking lot is proposed to be built is long and narrow; a significant portion of this lot is located in or near the 100-year flood plain of Tyler Run; the property has proved un-saleable for residential use despite the owner's best efforts and price reductions; residential use of the property in or near the flood plain would not only constitute a difficult or impossible endeavor, but might also be adverse to the health, safety and welfare of the prospective residents given the proximity to the Tyler Run flood plain.

The Board found that strict compliance with the zoning ordinance would result in unnecessary hardship. Further, the Board found that:

> The use proposed constitutes virtually the lowest
> impact conceivable on the neighborhood and as
> such the granting of the variance works both to
> the benefit of the applicant and neighbors who
> will be less affected by this use than by other s
> which might be proposed at some later time.

Since this finding is supported by substantial evidence, we may not substitute our evaluation of the testimony for the Board's.

Further, we find that the Board did not commit error in submitting its Supplemental Findings of Fact and Conclusions of Law after the record had been produced by certiorari to the trial court. This Court does not condone the late filing of supplemental findings of fact as

has been done in the instant case. However, our careful scrutiny of the record indicates that no prejudice was done to the appellants in the instant matter by this practice.

Of course, any repetition of this practice will lead to heightened scrutiny by this Court and a different result, should prejudice be found.

Accordingly, we affirm the decision of the Court of Common Pleas of York County and grant appellee's application for the variances.

ORDER

AND NOW, this 30th day of March, 1988, the decision of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed.