545 A.2d 459

Guy DiSalvo and Rita DiSalvo, his wife, Appellants *v.* Hempfield Township Zoning Hearing Board and The Township of Hempfield, Philip L. Crimboli and Denise Crimboli, his wife, Appellees.

Argued May 26, 1988, before Judges DOYLE, PALLADINO and McGINLEY, sitting as a panel of three.

*David J. Millstein,* for appellants.

*John M. Campfield,* for appellees, Philip L. Crimboli et ux.

OPINION BY JUDGE PALLADINO, August 8, 1988:

Guy and Rita DiSalvo (Appellants) appeal from a decision of the Court of Common Pleas of Westmoreland County ordering them to reduce the height of a stockade fence on their property to 42 inches and to finish the fence on both sides in a similar fashion. We affirm.

Appellants, in 1983, constructed a pool, bathhouse, and a fence, varying in height from 8 to 10 feet, on their property in Hempfield Township without obtaining a building permit. The Township's zoning officer informed Appellants that the bathhouse and fence violated the Township's setback requirements for accessory uses. Appellants then sought a variance from the Township Zoning Hearing Board (Board) for the bathhouse and an interpretation of the Township Zoning ordinance as it applied to fences.

The Board granted the variance for the bathhouse. The Board determined that the fence was an accessory use and that portions of the fence violated the setback requirements for front and sideyards. The Board concluded that appropriate action should be taken to correct the violations. Appellants appealed this decision to the trial court. Philip and Denise Crimboli, adjacent property owners, (Intervenors) and the Township intervened. The trial court, on June 11, 1984, affirmed the grant of the variance and the front yard setback requirement for the fence but reversed as to the sideyard setback. Appellants and Intervenors filed timely appeals to

this court. Appellants withdrew their appeal on September 28, 1984. This court subsequently affirmed the trial court.[1]

On November 13, 1985, Intervenors petitioned the trial court for a rule to show cause why Appellants should not be held in contempt of the trial court's June 11, 1984 order because Appellants had withdrawn their appeal but had not complied with the trial court's order. The trial court issued a rule to show cause and a hearing was held January 30, 1986. On August 11, 1986 the trial court issued its decision.

The trial court concluded that Appellants should not be held in contempt because, while both the Board and the trial court held that the fence was erected in violation of the Township's zoning ordinance and should be removed, Appellants had not been *specifically* directed to remove the fence. The trial court then clarified its original order and directed Appellants to remove that portion of the fence which was in violation. Appellants sought reconsideration of this order, asking the trial court to reconsider its order in light of the Township's adoption of a new fence ordinance. Reconsideration was expressly granted by order of the trial court dated August 27, 1986.[2]

A hearing was held September 8, 1986. The trial court, in response to Intervenors' objection to reconsideration, stated that it had granted reconsideration for the sole purpose of considering whether or not a new township ordinance dealing with fences had any effect

---

[1] This court affirmed the trial court in an unreported opinion, *DiSalvo v. Hempfield Township Zoning Hearing Board* (Nos. 2028 & 2029 C.D. 1984, filed February 5, 1986).

[2] Appellants also filed a timely appeal with this court. This appeal was stricken, after the trial court's grant of reconsideration, pursuant to Pa. R.A.P. 1701(b)(3).

on the Appellants' responsibilities as to their fence.[3] Appellants offered for admission into evidence the new fence ordinance and a "certificate of non-conforming use" from the Township zoning officer stating *only* that Appellants' fence was in existence prior to the enactment of the new ordinance.[4] Appellants argued that the new ordinance, which did not subject fences to front yard setback requirements, mooted the trial court's order that the fence be removed. With respect to the "non-conforming use certificate", Appellants asserted that the certificate made their fence legal and prevented the trial court from ordering it to be removed.

The trial court allowed admission of the new fence ordinance in order to consider its effect on the status of Appellants' fence. The trial court explained this decision:[5]

> [I]t would be foolishness for the Court to order the removal of the fence based upon the conditions as they were before the passage of the ordinance, which would then allow the parties to simply rebuild the fence, pursuant to the ordinance, assuming the new ordinance allows such.

The trial court declined to admit the "non-conforming use certificate", holding that the certificate was irrelevant to the issue for which reconsideration had been granted.[6]

---

[3] September 8, 1986 hearing, N.T. at 23-25.

[4] Intervenors objected to the introduction of both items on the basis that the items were not relevant to the issue of whether Appellants were in violation of the June 11, 1984 order, which was the basis of the proceedings which resulted in the August 11, 1986 order being reconsidered.

[5] September 8, 1986 hearing, N.T. at 24-25.

[6] The trial court, for the purposes of appeal, permitted introduction of the certificate and an offer of proof as to it and other excluded testimony dealing with the certificate.

The trial court, on November 18, 1986, issued an order which, consistent with the new fence ordinance, allowed the front yard fence to remain in its present location but directed that its height be reduced to a maximum of 42 inches (3.5 feet) and that it be finished in a like fashion on both sides.[7] Appellants' appeal from that order is now before us.

The only argument Appellants make on appeal is that the trial court did not have jurisdiction to order them to reduce the height of the fence and finish it on both sides because the "certificate of non-conforming use", issued by the Township zoning officer, had not been appealed to the Township's zoning hearing board within 30 days of its issuance. This argument was not raised before the trial court. However, Appellants are not precluded from raising the issue because it relates to the trial court's jurisdiction, which may be raised at any time. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974).

Appellants' reliance on the lack of an appeal from the certificate to wrest jurisdiction from the trial court in this case is misplaced. The trial court did *not* consider the validity of the certificate and, in fact, refused to admit the certificate into evidence. The matter before

---

[7] On May 27, 1986, the Township supervisors passed Ordinance No. 86-8 which amended the Township zoning ordinance, Ordinance No. 78-34, codified as Chapter 87 of the Hempfield Township Code, as it pertained to fences. The preamble to Ordinance No. 86-8 states that amendment was necessary because "interpretation of the Hempfield Township Zoning Ordinance provisions concerning fencing has proved difficult, and . . . amendment [is needed] to allow for proper use and enjoyment by property owners. . . ." Section three of the new ordinance imposed a 42 inch (3.5 ft) height maximum for front yard fences and required that all fences be "finished or completed on both sides in the same manner." The front yard setback requirement, which Appellants' fence violated, was eliminated.

the trial court was Appellants' failure to act in accordance with the trial court's June 11, 1984 decision which held that Appellants' fence violated the front yard setback requirements applicable to fences under the zoning ordinance in effect when the fence was constructed. The certificate has no bearing on this violation since it was not issued until after the enactment of the new fence ordinance.[8] Appellants make no argument that the trial court did not have authority to clarify its June 11, 1984 order and direct them to remove the illegal portion of their fence. Clearly, the trial court had jurisdiction to determine whether Appellants had complied with the trial court's previous order and to clarify its order.

At Appellants' request the trial court reconsidered its clarifying order in light of a new fence ordinance adopted by the Township subsequent to the trial court's June 11, 1984 decision that Appellants' fence was illegal. While it may be possible for a subsequent ordinance to make an illegal use legal and protect it from being illegal under later zoning amendments, *see Peruzzi v. Falls Township Zoning Hearing Board,* 33 Bucks Co. L. Rep. 24 (1978),[9] it only stands to reason that the subsequent

---

[8] The certificate contains the following statement:

As Zoning Officer, I have inspected this property and noted that the land/structure is being used as: a fence and hereby certify that this use was to my knowledge in existence prior to May 27, 1986.

[9] In *Peruzzi* the use in question was established in 1958 and was not permitted under the zoning ordinance then in effect. The zoning ordinance was amended in 1960, and the use in question was a permitted use under this amendment. In 1968, the zoning ordinance was again amended and resulted in the use in question once again being prohibited. The trial court held that because the use was lawful under the 1960 ordinance, it was a legal nonconforming use under the 1968 ordinance in spite of its illegal origin. Falls Township appealed the decision to this court. However,

ordinance could only do so if the use in question conforms *in its entirety* to the subsequent ordinance.[10] Appellants' fence was illegal under the old ordinance because its location violated front yard setback requirements. The fence is illegal under the new fence ordinance because it does not meet the front yard height requirements and the finish requirements.[11] Appellants requested that the trial court consider the propriety of their fence under the new ordinance. They may not pick and choose the portions of the new ordinance under which the legality of their fence is to be evaluated. Having submitted their fence to scrutiny under the new ordinance, they cannot be heard to complain about being required to comply with such ordinance.

Accordingly, we affirm.

### ORDER

AND NOW, August 8, 1988, the order of the Court of Common Pleas of Westmoreland County in the above captioned case is affirmed.

-----

the issue on appeal was a procedural one and the trial court's determination that the use was a legal nonconforming use was not questioned. *Falls Township Appeal,* 48 Pa. Commonwealth Ct. 392, 410 A.2d 93 (1980).

[10] *Cf.* R. Ryan, Pennsylvania Zoning Law and Practice §7.2.2 at 39 (1986 Supp.): "It is axiomatic that a use maintained in violation of zoning regulations is illegal rather than non-conforming."

[11] We note that in their brief Appellants state that "there is no evidence in the record as to the height and finish of the fence." Appellants' brief at 11. This statement is incorrect. Certified record item number 9 is the record made before the Township zoning hearing board. It contains photographs showing that the fence is not finished the same on both sides and testimony from Guy DiSalvo as to the height of his fence.