Nathan S. Nassif et al. *v.* Board of Adjustment of the City of Pittsburgh. City of Pittsburgh, Appellant.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*D. R. Pellegrini,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant.

*Frank J. Lucchino, Grogan, Graffam, McGinley, Solomon & Lucchino,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 5, 1983:

The City of Pittsburgh appeals from an Allegheny County Common Pleas Court order directing the Pittsburgh Board of Adjustment (Board) to issue an occupancy permit. We affirm.[1]

---

[1] This case is on remand from the Pennsylvania Supreme Court. Originally, we reversed the common pleas court order. On appeal, however, the Supreme Court held that "the Commonwealth Court departed from the appropriate standard of review by independently assessing the credibility of the evidence adduced in the Court of Common Pleas." *Nassif v. Board of Adjustment of the City of Pittsburgh,* 498 Pa. 530, 448 A.2d 535 (1982) (per curiam). Consequently, the Supreme Court reversed our decision and remanded ostensibly "for a determination as to whether the Court of Common Pleas made

The factual posture, detailed in *Nassif v. Board of Adjustment of the City of Pittsburgh*, 64 Pa. Commonwealth Ct. 15, 438 A.2d 1039 (1982), demonstrates that Kountz & Rider, Inc. and Nathan S. and S. Joseph Nassif (Appellees) applied for an occupancy permit for commercial parking by reason of a prior nonconforming use. The common pleas court, after taking additional evidence and deciding the matter *de novo,* directed the Board to issue the permit. Our review is limited to determining whether that court committed a legal error or abused its discretion. *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 399-401, 412 A.2d 169, 170 (1980).

A "nonconforming use" is a "use . . . which does not comply with the applicable use provisions in a zoning ordinance . . . where such use was lawfully in existence prior to the enactment of such ordinance. . . ." Section 107 (13.1) of the Pennsylvania Municipalities Planning Code.[2] "The burden of proving the existence of a nonconforming use rests on the property owner who would claim the benefit of the rights accorded property with that status." *Overstreet* at 402, 412 A.2d at 171-72. The common pleas court found (and, as directed by our Supreme Court, we must accept these findings as supported by the record) that the property was used for commercial parking prior to the

an error in law or committed an abuse of discretion." *Id.* We are perplexed by this directive because our Court, per the able Opinion of Judge WILLIAMS, JR., reviewed the common pleas court decision under the appropriate standard, *Nassif v. Board of Adjustment of the City of Pittsburgh,* 64 Pa. Commonwealth Ct. 15, 20, 438 A.2d 1039, 1042 (1982), and did *not* assess the credibility of the evidence. However, we are constrained by the Supreme Court's mandate and we accept, as we must, the common pleas court's findings as conclusive.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10107 (13.1).

enactment of Pittsburgh's original zoning ordinance in 1923 and that such use continued. We must also accept the common pleas court's finding that the nonconforming use was not abandoned. The appellees, having thus established the existence of a prior nonconforming use, are entitled to the requested occupancy permit.

Affirmed.

## ORDER

The Allegheny County Common Pleas Court order, No. SA 15 of 1978, dated March 11, 1981, is hereby affirmed.

Judge WILLIAMS, JR., dissents.