509 A.2d 970

Pennsylvania Bureau of Corrections *v.* Board of Standards and Appeals, City of Pittsburgh, Allegheny County, Pennsylvania. City of Pittsburgh, Appellant.

Argued March 13, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Kellen McClendon,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellant.

*José Hernandez-Cuebas,* Senior Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY SENIOR JUDGE KALISH, May 22, 1986:

The City of Pittsburgh appeals an order of the Court of Common Pleas of Allegheny County which sustained the Pennsylvania Bureau of Corrections' (Bureau) appeal, and directed the Board of Standards and Appeals of the City of Pittsburgh (Board) to issue a variance permitting the omission of sprinklers from the cells of the Western State Penitentiary. We affirm.

This case involves the question of whether the Board has the power to enforce its regulations concerning fire provisions against the Bureau of Corrections.

In an expansion and renovation program of the Western State Penitentiary, the Bureau filed floor plans for approval by the Board. This program included, *inter alia,* the construction of two new cell housing buildings. Under the operative Building Officials and Code Administrators Basic Building Code of 1981 (BOCA Code) provisions, which are incorporated into the Building Title of the Pittsburgh Code of Ordinances, various institutions are classified into groups according to use. One of the groups includes "all buildings designed for the detention of people under restraint, in-

cluding among others, jails, prisons, reformatories, insane asylums and similar uses." Section 306.2 of the BOCA Code. The fire protection system for this group requires water sprinkler systems.

The Board, in reviewing the plans, indicated that the water sprinkler system requirement meant that the Bureau must install sprinkler heads in each inmate's cell. The Board denied the Bureau's request for a variance. The trial court sustained the Bureau's appeal. The Bureau contends that it is not subject to Pittsburgh's Code of Ordinances, and in the alternative, it is entitled to a variance.

Since the legislature has the power to regulate both of these governmental agencies, this is not a contest between superior and inferior governmental entities, but instead a contest between two instrumentalities of the state. *Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984). Our task is to determine which entity has preeminent powers. In attempting to determine the intent of the legislature in this connection, our Supreme Court in *Ogontz,* in reviewing the various tests that had previously been used, finally concluded that intent shall be determined by a consideration, *inter alia,* of the consequences of a particular construction.

The consequences of a determination that the Bureau should prevail would certainly frustrate the Board in the duty of the City of Pittsburgh to provide for the welfare and safety of its inhabitants. On the other hand, the function of the Commissioner of Corrections is to maintain and administer a penal institution. Where, as here, the Bureau feels that its function may be hampered by building or fire regulations causing undue hardships, it has the power to seek relief by requesting a variance. A decision that the Board's authority supersedes the Bureau's authority would give effect to the

legislative mandates of both governmental agencies. Accordingly, we hold that the Bureau is subject to the Board's jurisdiction, with the right of the Bureau to seek a variance.

At the hearing on the issue of a variance, the Bureau presented evidence that its plans called for the installation of sprinklers in all areas except the individual cells; that smoke detectors would be installed in front of the cells; that sprinklers installed outside the cells can splash into the cells when activated; that the mattresses in the cells are fireproof, as are all walls; and that the fire system will include standpipes, a control area manned by three officers, fire stairs towers, and doors that are automatically activated in case of fire.

At a second hearing, the Commissioner of the Bureau indicated that the use of sprinkler heads in the cells of this institution would be inappropriate. This is a maximum security institution housing inmates doing long sentences, many of whom are disruptive and represent a threat to staff and the general public. The Commissioner stated:

> We do have some dangerous individuals there that sit around and plan to do nothing but disrupt the system and the sprinkler system in cell blocks could be a very disruptive factor because they'd set them off at their leisure and if we had 1440 inmates that decided to set them off, we'd have real problems.

He also stated that in his twenty-seven years as a correctional officer at various institutions, he found this to be the roughest institution he has worked at. There was evidence that razor blades could be secreted there, and that inmates could use the sprinkler head to commit suicide by hanging. Mr. Rhodes, an engineering consultant for the Bureau, corroborated this evidence. The record shows this testimony to be unrefuted.

One seeking a variance has the burden of proof.[1] When a court of common pleas considers any additional evidence, the court must decide the case de novo rendering new findings, rather than review the action of the Board. *Boss v. Zoning Hearing Board, Borough of Bethel Park*, 66 Pa. Commonwealth Ct. 89, 443 A.2d 871 (1982); Section 753 of the Administrative Agency Law, 2 Pa. C. S. §753. Also, where additional testimony is taken and the trial court decides the matter de novo, our review is limited to a determination of whether the court committed an error of law or an abuse of discretion. *Nassif v. Board of Adjustment, City of Pittsburgh*, 74 Pa. Commonwealth Ct. 163, 459 A.2d 476 (1983).

The trial court made findings that the record clearly indicates that sprinkler heads inside the cells are detrimental to the operation of a detention institution. The trial court further found that the sprinkling of the hallways and other areas of the building, together with the masonry construction, meets the requirements of the Building Code. Thus, the trial court held that the Bureau is entitled to a variance.

The trial court's finding is supported by substantial evidence in the record. The record amply demonstrates that enforcement of the Board's requirement of a sprinkler head in each cell would impose an undue

---

[1] Section 1013.04(b) of the Pittsburgh Code of Ordinances provides:

The Board may interpret the intent of this Building Title, in specific cases where it clearly appears that undue hardship would result from a literal application of the provisions thereof. Where such undue hardship can be clearly demonstrated, the Board may authorize the issuance of a building permit or a certificate of occupancy if the building will vary only a reasonable minimum from the literal provisions . . . but will comply with the spirit and intent thereof with respect to hazard from fire and safety.
. . .

hardship on the Bureau in its administration of the penal institution. The deviation is minimal, and the plans show compliance with the requirement that the granting of a variance would not depart from the spirit and intent of avoiding hazards from fire and safety. The trial court committed no abuse of discretion or error of law.

ORDER

NOW, May 22, 1986, the order of the Court of Common Pleas of Allegheny County, No. S.A. 941 of 1983, dated March 12, 1985, is affirmed.