Edward Benoff, Appellant *v.* The Zoning Board of Adjustment, Appellee.

310

Argued June 7, 1984, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Marc Alan Krefetz,* with him, *Edward Benoff,* for appellant.

*Jay J. Bernstein,* with him, *Peter F. Kelsen,* Assistant City Solicitor, and *Marilyn Z. Kutler,* City Solicitor, for appellee.

OPINION BY JUDGE DOYLE, August 6, 1984:

Edward Benoff (Appellant) appeals from the order of the Philadelphia County Court of Common Pleas which affirmed the decision of the Zoning Board of Adjustment (Board) denying the Appellant a permit to park his boat and trailer in front of his home.

Appellant is the owner of a single-family detached home located in an R-4 residential district in the City of Philadelphia. The home contains no garage, but instead is provided with an open-air parking area which runs between the house and the front street line. After Appellant began parking his small outboard motor boat and trailer in this parking area, he was notified that he was in violation of the use and set-back requirements of the Philadelphia Zoning Code (Code). Appellant's application for a permit was denied, and an appeal was taken to the Philadelphia Zoning Board of Adjustment. At the hearing, Appellant testified that the parking area had been in existence prior to the effective date of the applicable zoning restrictions, and should therefore be allowed as a non-conforming use. Evidence was also received from neighboring homeowners, who testified that the parking of the boat was detrimental to the public health and welfare.

The Board found that, under Section 14-205 of the Zoning Code, parking of the boat was neither a permitted accessory use nor a use expressly permitted in an R-4 residential district. In addition, the Board found that the boat was parked eight feet from the street, in violation of Section 14-1402(5)(a)(.2)(.c) of the Code, which requires that open-air parking in front yards be provided behind the fifteen-feet set-back line applicable to R-4 districts. The Board concluded that the boat parking was in violation of the Zoning Code, and that Appellant had not met his burden of proof in order to obtain a variance. The Court of Common Pleas affirmed the Board's decision without taking additional evidence, and the present appeal was taken.

Before this Court Appellant argues that the Board erred in concluding that his use constituted a violation of the Zoning Code. In the alternative, Appellant

argues that the Board erred in failing to grant a variance.[1] Addressing the variance issue first, a review of the record indicates that the evidence submitted by Appellant failed to show any unnecessary hardship unique or peculiar to his property. In view of this record, we find that the Board committed no error in concluding that the Appellant failed to meet his burden of proof on his request for a variance. Section 14-1802 of the Code. *See Heilman v. Board of Adjustment, Philadelphia County*, 69 Pa. Commonwealth Ct. 157, 450 A.2d 318 (1982).

Appellant also argues that the parking of the boat should have been permitted as an accessory use to an R-4 residential district. Section 14-102(2) of the Code defines "accessory use" as "[a] use, including all necessary public utility facilities, subordinate to the main use on the lot and customarily incidental to the main use, excluding signs." Here, the Board concluded as a matter of law that the storage of a small outboard motor boat was not "customarily incidental" to the residential use of the district. We cannot agree. The boat in question was not used in connection with any commercial or industrial enterprise.[2] Rather, it was an outboard motor boat used solely for recreational purposes by Appellant's children. Items which are used for the private, recreational purposes of a

---

[1] This Court's scope of review in a zoning decision in which the trial court took no additional evidence is to determine whether the Board committed an abuse of discretion or an error of law. *Heilman v. Zoning Board of Adjustment, Philadelphia County*, 69 Pa. Commonwealth Ct. 157, 450 A.2d 318 (1982).

[2] The courts have held that the storage of equipment or vehicles used in an industrial or commercial enterprise is neither incidental to, nor customary in, a residental area. *Cook v. Bensalem Township Zoning Board of Adjustment*, 413 Pa. 175, 196 A.2d 327 (1963); *Galliford v. Commonwealth*, 60 Pa. Commonwealth Ct. 175, 430 A.2d 1222 (1981); *Taddeo v. Commonwealth*, 49 Pa. Commonwealth Ct. 485, 412 A.2d 212 (1980).

homeowner would naturally exist near his home, as a use incidental to the residential use of the home. The use of such items should therefore be considered "customarily incidental" to the permitted uses in a residential district. *See Klein v. Township of Lower Macungie,* 39 Pa. Commonwealth Ct. 81, 395 A.2d 609 (1978) (tennis court properly held to be accessory use in residential district). We conclude, therefore, that the Board erred in determining that the parking of the boat was not an accessory use.

Finally, Appellant argues that the parking area in question is not subject to the parking set-back requirements under Section 14-1402(5)(a)(.2)(.c) of the Code because the parking area is a non-conforming use. Appellant testified at the hearing that the parking area was constructed along with the house in 1960, prior to the 1969 amendment to the Code which established the parking set-back requirements for single family homes. The Board, however, made no findings of fact relative to the issue of whether a non-conforming use had been established. Since this issue was raised before the Board[3] and is necessary to the final resolution of the case, we must remand for findings of fact on this issue.

Accordingly, the matter is remanded to the trial court for findings of fact and conclusions of law, limited to the issue of whether the parking area in question is a non-conforming use.

---

[3] Although the Appellant's appeal to the Board was in the nature of a request for a variance, the Appellant also argued the existence of a non-conforming use. We have held that exact terminology is not required in zoning cases, and that cases will be treated for what they are, regardless of what the parties call their respective positions. *Phi Lambda Theta Zoning Case,* 400 Pa. 60, 161 A.2d 144 (1960) ; *Malakoff v. Board of Adjustment, City of Pittsburgh,* 72 Pa. Commonwealth Ct. 109, 456 A.2d 1110 (1983) ; *Township of Falls Appeal,* 48 Pa. Commonwealth Ct. 392, 410 A.2d 93 (1980).

### Order

Now, August 6, 1984, the opinion and order of the Court of Common Pleas of Philadelphia County, September Term, 1980, No. 4784, dated June 16, 1983, is hereby reversed in part regarding the accessory use, affirmed in part, regarding the variance, and vacated with regard to the setback requirement; this matter is hereby remanded to said court for proceedings consistent with this opinion.

Jurisdiction is relinquished.

Judge CRAIG concurs in the result.