528 A.2d 705

Edward Benoff, Appellant *v.* Zoning Board of Adjustment, Appellee.

Argued December 8, 1986, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael S. Chuhinka*, for appellant.

*Marjorie Stern Jacobs*, Divisional Deputy City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, July 22, 1987:

Edward Benoff (Appellant) appeals an order of the Court of Common Pleas of Philadelphia (trial court) denying his petition to vacate the decision of the Zoning Board of Adjustment (ZBA), hold the ZBA in contempt, and hold a de novo hearing for failure of the ZBA to comply with the trial court's order. We dismiss this appeal as moot.

In 1980 Appellant was informed that because he was parking a boat in his driveway and the boat extended closer than 15 feet from the street he was in violation of the Philadelphia Zoning Code use and set back requirements. Appellant applied for and the ZBA denied him a variance; the trial court affirmed. Appellant appealed to this court. In *Benoff v. Zoning Board of Adjustment*, 84 Pa. Commonwealth Ct. 309, 479 A.2d 68 (1984), this court held that the denial of a variance was proper, but that the ZBA erred in not making findings on the issue of the existence of a non-conforming use. On August 6, 1984 the matter was remanded to the trial court "for findings of fact and conclusions of law, limited to the issue of whether the parking area in question is a non-conforming use." *Id.* at 313, 479 A.2d at 70.

The trial court, on February 21, 1985, remanded to the ZBA "for findings of fact and conclusions of law lim-

ited to the issue of whether the parking area in question is a non-conforming area pursuant to the Opinion of the Superior [sic] Court of August 6, 1984."[1] Following an evidentiary hearing, the ZBA issued a notice of decision, dated August 7, 1985, which refused Appellant a variance and informed him that any further court action would require a new notice of appeal. No findings of fact or conclusions of law accompanied the decision. On September 6, 1985, Appellant filed with the trial court a petition to vacate this decision, to hold the ZBA in contempt, and to hold a de novo hearing to comply with this court's August 6, 1984 order (petition). The ZBA issued a second notice of decision dated October 3, 1985 which refused non-conforming use status. This decision also indicated that any further court action would require a new notice of appeal, and again no findings of fact or conclusions of law were issued.

The trial court dismissed Appellant's petition on October 29, 1985, holding that the ZBA had not violated the trial court's February 21, 1985 order. The trial court opinion indicated that if Appellant had followed the usual procedure of appealing a ZBA decision, the record made before the ZBA, including findings of fact and conclusions of law, would be before the trial court,[2] and that there was no reason why the usual procedure should not be followed.

---

[1] R.R. at 8a.

[2] Philadelphia Civil Rule 146. *Administrative Agency Appeals* sets out the procedure for appealing a decision of the ZBA. It requires the ZBA to transmit the record to the trial court after receipt of the notice of appeal. The pertinent sections of Rule 146 are:

VI. *Notes of Testimony.*

Upon receipt of the Notice of Appeal, the official agency stenographer shall proceed to have his notes transcribed and, not later than thirty (30) days after receipt of such

Appellant, on October 31, 1985 appealed the trial court's dismissal of his petition to this court. On November 1, 1985, Appellant appealed the October 3, 1985 ZBA decision to the trial court. The ZBA forwarded the record, which included findings of fact and conclusions of law, to the trial court on March 5, 1986.[3]

Appellant contends that the ZBA was "openly contemptuous" of this court's order when it refused to issue findings of fact unless he appealed the decision denying him a non-conforming use. Appellant requests that this court: (1) reverse the October 29, 1985 order of the trial court; (2) order the ZBA to comply with this court's August 6, 1984 order; and (3) assess the cost of this appeal, including attorney's fees, against the ZBA. The ZBA contends that since the findings of fact and conclusions of law were issued on March 5, 1986, this appeal is moot and should be dismissed.

When an event occurs which makes it impossible for the requested relief to be granted, an appeal will be dismissed for mootness. *Chester Upland School District v. Chester Upland Education Association*, 64 Pa. Com-

---

notice, shall file the transcript with the agency, with proof of service of notice of such filing on all parties.

VII. *Record. Transmittal.*

A. The original papers and exhibits filed with the agency, the decision and order and the transcript of proceedings, if any, shall constitute the record on appeal.

B. The agency shall transmit the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, to the Prothonotary within forty (40) days after receipt of the Notice of Appeal.

C. The agency shall serve notice upon the appellant and the clerk of motion court certifying that the record is complete for the purposes of the appeal and indicating the date upon which the record was received by the Prothonotary.

[3] The trial court affirmed the ZBA's denial of a non-conforming use on November 6, 1986. Appellant appealed that decision to this court on December 3, 1986, 3556 C.D. 1986.

monwealth Ct. 523, 440 A.2d 1283 (1982). An actual controversy must exist in order for this court to consider an appeal. *Union Electric Contracting Company Appeal,* 39 Pa. Commonwealth Ct. 584, 396 A.2d 862 (1979). Moot questions will not be decided except in "those rare instances where questions of great public importance are involved or where exceptional circumstances exist," *id.* at 587, 396 A.2d at 863, or "when the question raised is by necessity a recurring one." *Baker Nursing Home, Inc. Appeal,* 28 Pa. Commonwealth Ct. 603, 607, 369 A.2d 1336, 1338 (1977).

The findings of fact which Appellant would have us order the ZBA to issue, have been issued. Therefore, it is impossible for us to grant Appellant the relief he seeks against the ZBA, and no reason now exists to reverse the trial court's dismissal. The facts of this case do not present one of those "rare instances" in which an appellate court will consider a moot question. The propriety of the ZBA's action in denying Appellant a non-conforming use, including the adequacy of the findings of fact, will be addressed in Appellant's pending appeal of the ZBA's October 3, 1985 decision.

There remains Appellant's request that the costs and attorney's fees incurred in bringing this appeal be assessed against the ZBA. Appellant contends that because of the ZBA's conduct 42 Pa. C. S. §§2503(7) and (9) entitle him to this relief. These subsections state:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of the matter.

(9) Any participant who is awarded counsel fees because the conduct of another party in

commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

Appellant argues that the ZBA's refusal to issue findings of fact and conclusions of law on the nonconforming use issue unless he appealed their decision was a failure to adhere to this court's August 7, 1984 order and constitutes conduct which is "obdurate, vexatious and in bad faith."

We find nothing in the record and Appellant has presented no persuasive argument which convinces us that the ZBA's actions constitute the type of conduct detailed 42 Pa. C. S. §2503. Without deciding whether the ZBA's conduct was inconsistent with this court's order, we conclude that it was not "dilatory, obdurate, vexatious, arbitrary or in bad faith" for the ZBA to proceed in accord with its normal procedure.

Accordingly, this appeal is dismissed as moot.

## ORDER

AND NOW, July 22, 1987, the appeal in the above-captioned matter is dismissed as moot.