539 A.2d 902

Wilkes-Barre Area Vocational School and Wilkes-Barre Area Vocational Technical School Joint Operating Committee, Appellants *v.* Greater Nanticoke Area School District, Appellee.

Argued December 17, 1987, before Judges COLINS, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Frank Harrison* and *Donald H. Brobst*, with them, *Raymond P. Wendolowski, Rosenn, Jenkins & Greenwald*, for appellants.

*Bernard J. Kotulak, II*, with him, *Robert T. Panowicz*, for appellee.

OPINION BY JUDGE PALLADINO, March 30, 1988:

Wilkes-Barre Area Vocational Technical School (Vo-Tech School) and Wilkes-Barre Area Vocational Technical School Joint Operating Committee (JOC) (collectively Appellants) appeal from a decision of the Luzerne County Court of Common Pleas that pursuant to section 1850.1(c) of the Public School Code of 1949 (School Code)[1] the Vo-Tech School's operating budget must be approved by at least four of the five school districts participating in the operation of the Vo-Tech School. We affirm.

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, added by Section 6 of the Act of February 1, 1966, P.L. (1965) 1632, 24 P.S. §18-1850.1(c).

Five school districts (Crestwood, Greater Nanticoke Area, Hanover, Pittston and Wilkes-Barre Area) jointly operate the Vo-Tech School.[2] The school boards of the participating school districts are considered the "area vocational-technical board" and are charged with operating the Vo-Tech School. Sections 1850.1(a) and (b) of the School Code, 24 P.S. §§1850.1(a) and (b). Pursuant to section 1850.1(d) of the School Code, 24 P.S. §18.1850.1(d), the school districts delegated the operation, administration and management of the Vo-Tech School to the JOC. The JOC must conduct the operation of the Vo-Tech School "within the limits of the budget adopted by the area vocational board." Section 1850.2 of the School Code, 24 P.S. §18-1850.2. Section 1850.1(c) of the School Code, 24 P.S. §18-1850.1(c), provides that:

[T]he approval of each operating budget shall require an affirmative vote of two-thirds of the participating school districts and a majority vote of all school directors of all participating districts; and provided further, for the purposes of this requirement only, the vote of any participating school district shall be determined by a majority vote of all school directors comprising such participating boards. All votes shall be duly recorded and show how each member voted.

In April 1986, the JOC submitted a proposed 1986-1987 operating budget to the school districts. The vote of each district was:

Crestwood School District
5 yes, 3 no, 1 absent
Hanover School District
1 yes, 7 no, 1 absent

---

[2] Section 1844 of the School Code, 24 P.S. §18-1844, provides for the establishment of vocational-technical schools by a group of school districts.

Wilkes-Barre Area School District
9 yes, 0 no
Greater Nanticoke Area School District
0 yes, 8 no, 1 absent
Pittston Area School District
8 yes, 0 no, 1 abstained

Stipulation of facts, exhibit C. The total number of school directors of all boards is 45 and 23 voted to approve the operating budget. Three of the five participating school districts voted to approve the operating budget. Appellants consider their operating budget approved when it has been affirmed by three of the five participating school districts and a majority of all school directors. Appellants' answer, paragraph 17.

On June 17, 1986, Greater Nanticoke Area (Appellee) filed a declaratory judgment action with the trial court, seeking to have the court declare that: (1) section 1850.1(c) of the School Code requires that four of the five participating school districts and a majority of the school directors approve the Vo-Tech School's operating budget; and (2) the 1986-1987 operating budget affirmed by only three of the five participating school districts was null and void. The trial court issued an order granting Appellee the relief it sought on June 30, 1986. Appellants sought post-trial relief, which was denied, and judgment was entered on July 28, 1986. Appellants filed a notice of appeal to this court on August 5, 1986.

Initially, we note that subsequent to the trial court's disposition of this case, an operating budget for the Vo-Tech School was approved by all five participating school districts. Appellants' brief at 12. That circumstance will not render this case moot and require dismissal. The issue of the proper interpretation of the two-thirds requirement of section 1850.1(c) is one which is likely to occur any time the number of school districts

comprising a vocational-technical area board is not divisible by three. It is also obvious that without an operating budget a vo-tech school cannot function, forcing either preparation of a different budget, which would be subject to approval, or closing of the school. Where the issue raised in a case is of a recurring nature, capable of repeatedly avoiding review, and of important public interest, the case will not be dismissed. *Benoff v. Zoning Board of Adjustment*, 107 Pa. Commonwealth Ct. 578, 528 A.2d 705 (1987). Such is the situation presented to us by this case, and therefore, we will address the issue.

Appellee urges that the trial court correctly interpreted section 1850.1(c) of the School Code as mandating, as an absolute minimum, affirmance by two-thirds of the participating school districts for approval of a vo-tech school's operating budget. The effect of this interpretation is that approval of the operating budget of any vo-tech school whose total number of participating school districts is not divisible by three will require a percentage greater than 66 2/3.

Appellants contend that when the number of participating school districts makes it numerically impossible to obtain a two-thirds affirmative vote, the two-thirds requirement of section 1850.1(c) should be interpreted as being satisfied by an affirmative vote from the number of participating school districts which most closely approximates two-thirds. Appellants make two arguments to support this interpretation. First, they assert that "the intention of the General Assembly is better effectuated by permitting the two-thirds majority requirement to be 'rounded-off' to the nearest attainable percentage rather than construing the statute to require an absolute minimum of two-thirds. . . ." Appellants' brief at 6. Second, they claim that in this case a construction of the statute to require an absolute minimum

of two-thirds would allow school districts "representing only 20 percent to 25 percent of the overall population of the operating area [to] have an effective veto over Vo-Tech's further operation." *Id*.

The interpretation of the two-thirds requirement of section 1850.1(c) of the School Code is an issue of first impression. In construing this requirement, we must follow the guidelines set forth in the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §§1501-1991. The specific language in section 1850.1(c) which is at issue states that "the approval of each operating budget *shall require an affirmative vote of two-thirds of the participating school districts*." For the reasons which follow, we hold that section 1850.1(c) requires, for approval of a vo-tech school's operating budget, an affirmative vote of a minimum of two-thirds of the participating school districts.

Section 1921(a) of the Act, 1 Pa. C. S. §1921(a), states that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." Appellants argue that it is "unreasonable to believe" the General Assembly intended that the Vo-Tech School's operating budget would have to be approved by four-fifths of the participating school districts. They argue that three-fifths (60%) should be sufficient in their situation because it is closer to two-thirds (66 2/3%) than four-fifths (80%).

We find this argument unpersuasive. Section 1921 (b) of the Act, 1 Pa. C. S. §1921(b), states that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." The General Assembly specified in section 1850.1(c) of the School Code that "an affirmative vote of two-thirds of the participating

school districts" was necessary for approval of a vo-tech school's operating budget. This requirement of two-thirds is clear and is not rendered ambiguous solely because exactly two-thirds is not always obtainable. The School Code contains no restriction on the number of school districts which may participate in establishing and operating a vo-tech school.[3] It provides that all actions of an area vocational-technical board shall be a majority vote of all the members of the board *except* the approval of the operating budget. To allow approval by an affirmative vote of less than two-thirds of the participating school districts would render the two-thirds requirement a nullity, which is contrary to the presumptions that the General Assembly does not intend a result that is "impossible to execute" and does intend the "entire statute to be effective." Section 1922 of the Act, 1 Pa. C. S. §1922.

Additional evidence in support of the two-thirds requirement as a threshold for approval of a vo-tech school operating budget is the presence of the term "shall" in section 1850.1(c). The use of the word "shall" in a statute is generally considered imperative. *See In re: Columbia Boro,* 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976). We conclude that the General Assembly intended that no less than two-thirds of the participating school districts could affirm a vo-tech school's operating budget and satisfy the two-thirds requirement for approval.

Appellants' second argument in support of their interpretation of section 1850.1(c) of the School Code focuses on the situation which exists in this case. Appellants point out that the two smallest school districts

---

[3] Sections 1841 to 1853 of the School Code, 24 P.S. §§18-1841 to 18-1853 detail the requirements for establishment and operation of area vocational-technical schools.

which participate in operating the Vo-Tech School contain approximately 20% of the population served by the Vo-Tech School and that they would be able to block operation of the Vo-Tech School if the two-thirds requirement is considered a minimum. Appellants then argue that in light of the "massive public commitment to vocational-technical education in the Commonwealth," evidenced by section §1840.1 to 1853 of the School Code, 24 P.S. §§18-1840.1 to 18-1853, "[i]t is unreasonable to believe that the Legislature . . . would have intended operation of those schools to be frustrated by the reflective vote of somewhere between 20% and 25% of the overall population of the operating area." Appellants' brief at 11.

This argument does not withstand analysis. The two largest school districts participating in the operation of the Vo-Tech School have, according to Appellants' figures, 65% of the population of the area served by the School District. If the affirmative votes of the other three participating school districts were sufficient to meet the two-thirds requirement of section 1850.1(c), as Appellants' interpretation would allow, the effect would be to allow 35% of the population to frustrate the desire of 65% of the population.

It is obvious that the General Assembly was not using population as a basis for imposing the two-thirds requirement. The second requirement in section 1850.1 (c) for approval of a vo-tech school's operating budget is "a majority vote of all the school directors of all participating districts." All the school districts involved here have *nine* directors on their school boards, regardless of the population of the district. A simple majority of the directors of all the districts could easily represent less than a majority of the population.

We conclude that the words of section 1850.1(c) are clear and free of ambiguity. "An affirmative vote of two-

thirds of the participating school districts" means two-thirds *must* vote for the operating budget. If the number of participating school districts is such that exactly two-thirds is numerically impossible, then the number of school districts which must supply an affirmative vote shall be that number which equals the next higher numerically possible fraction.

Accordingly, we affirm.

### ORDER

AND NOW, March 30, 1988, the decision of the Court of Common Pleas of Luzerne County in the above-captioned case is affirmed.