568 A.2d 979

**MINERSVILLE AREA SCHOOL DISTRICT, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Dec. 6, 1989.

Reargument Denied Feb. 15, 1990.

Edward E. Kopko, Pottsville, for petitioner.

Peter Lassi, Camp Hill, with him, James L. Crawford, Harrisburg, for respondent.

A. Martin Herring, with him, Charles L. Herring, A. Martin Herring & Associates, Philadelphia, for intervenor, Minersville Area Educ. Ass'n and Stanley Adams.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Minersville Area School District (School District) petitions for review of an Order of the Pennsylvania Labor Relations Board (Board) dated December 21, 1988, which dismissed the School District's exceptions and made final the Board's July 20, 1988 proposed decision and order. The Board filed a motion to dismiss for mootness. The Board's motion is granted.

Stanley Adams (Adams) was employed by the School District as a part-time custodian. A full-time position became available for which Adams applied and was appointed. He submitted to a routine physical exam by the School District's physician who noted Adams' inability to lift objects greater than fifty pounds and opined that Adams was physically incapable of performing the duties of a full-time custodian. As a result, Adams was suspended by the School Superintendent. At the suggestion of the School District physician, he applied for a social security disability pension for which he was turned down.

The Minersville Area School Service Personnel Association (Association), intervenor in this action, and Adams filed a grievance on October 8, 1982, protesting his suspension. While this matter was pending, the School Board converted the suspension to a discharge on October 18, 1982. The School District alleged that Adams had misrepresented his physical condition at the time that he was hired. The Association contended that the School District's action vio-

lated the parties' collective bargaining agreement (agreement). The Association asserted that Adams was never secretive about his history of back problems which was known to his co-workers, including the head custodian. It further asserted that Adams performed his work for several years without any ill effects and had performed much heavier work than what would have been required of him in the new custodial position.

The arbitrator determined that the record did not support the discharge of Adams under the agreement. He awarded, inter alia, that Adams be reinstated with full seniority and back pay and that he be made whole for any expenses he incurred during his suspension which would have been covered under his benefit package. The School District appealed the decision to the Court of Common Pleas of Schuylkill County on July 9, 1985, which affirmed those portions of the award which ordered Adams to be reinstated with full seniority and back pay. The School District appealed to this Court and while that appeal was pending, offered to reinstate Adams effective March 3, 1986. Adams did not accept the School District's offer. On December 10, 1986, this Court issued an order affirming the order of the trial court. The School District then petitioned the Pennsylvania Supreme Court for allowance of appeal, which was denied on October 20, 1987.

Consequently, the Association, by letter dated October 29, 1987, requested that the School District comply with the arbitrator's award by forwarding to Adams back pay for the period October 29, 1982 to the effective date of the offer of reinstatement, March 3, 1986, and indicated that the amount due was $39,021.15, plus interest to the present time. The School District refused, and the Association filed an unfair labor practice charge with the Board. On December 11, 1987, the Board issued a complaint and notice of hearing, charging the School District with failure to abide by the arbitrator's award. A hearing was held on April 22, 1988, following which the Board issued a proposed decision and order directing the School District to comply with the

arbitrator's award and file with the Board satisfactory evidence of compliance within twenty days of the date of the order. The order further provided that in the absence of any exceptions filed pursuant to 34 Pa.Code § 95.98(a) within twenty days, the decision and order shall become final. The School District filed exceptions and a hearing was held. The Board issued a final order dated December 21, 1988, dismissing the School District's exceptions and finalizing its proposed decision and order. This appeal followed.

On September 8, 1989, three days prior to scheduled oral argument, the Board filed with this Court an application for relief in the nature of a motion to dismiss for mootness. The motion set forth that on September 5, 1989, the Association's counsel received a check from the School District for the full amount of back pay ordered by the trial court. The Board was advised that the Association accepted this check as full payment for the back pay ordered by the arbitrator.

The School District filed an answer to the motion, contending that it paid the judgment as directed by the trial court, under protest and for no other reason than to escape liability for proposed fines and counsel fees. The School District denies any liability for the payment of the judgment plus interest and is seeking to recover the same through this appeal.

The questions raised by the School District of whether it was impossible for the School District to comply with the award or whether the Board reasonably concluded that the School District failed to comply with the award are now moot, since the School District has in fact complied with the arbitrator's award. This Court will not decide moot questions except in rare instances where questions of great public importance exist, where exceptional circumstances exist, or when the question to be decided is by necessity a recurring one. *Benoff v. Zoning Board of Adjustment*, 107 Pa.Commonwealth Ct. 578, 528 A.2d 705 (1987). There must be in existence an actual controversy for this Court to consider an appeal. *Id.* This case does

not involve questions of great public importance or exceptional circumstances, nor does it raise a question that is by necessity a recurring one. Since the School District has complied with the arbitrator's award, there is no longer an actual controversy in existence. The reasons the School District cite for why it satisfied the arbitrator's award are of no consequence to this Court's decision.

Accordingly, the Board's motion to dismiss for mootness is granted.

## ORDER

AND NOW, this 6th day of December, 1989, the motion to dismiss for mootness filed by the Pennsylvania Labor Relations Board in the above-captioned matter is hereby granted.