**ST. CLAIR MEMORIAL HOSPITAL,**
Petitioner,

v.

**DEPARTMENT OF HEALTH,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 13, 1997.

Decided April 1, 1997.

Seymour J. Schafer, Pittsburgh, for petitioner.

Lawrence M. Otter, Harrisburg, for respondent.

Before PELLEGRINI and KELLEY, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

St. Clair Memorial Hospital (St. Clair) petitions for review of the order of the State Health Facility Hearing Board (Board) affirming the Pennsylvania Department of Health's grant of a certificate of need to Pittsburgh G.I. Surgical Center pursuant to Chapter 7 of the Health Care Facilities Act (Act), Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. §§ 448.701—448.712. Also before this court is a Motion to Dismiss filed by the Department of Health (Department) arguing that the case is moot due to the sunset provision, Section 904.1 of the Act, 35 P.S. § 448.904a.[1]

In 1993, Endoscopy Center Affiliates, Inc. and Pittsburgh Gastroenterology Associates (collectively, Applicants) applied for a certificate of need (CON) from the Department for a single-specialty surgical facility. The proposed facility would have two gastroenterology operating rooms in or near Bethel Park, called Pittsburgh G.I. Surgical Center. The Department declared the application preliminarily complete and St. Clair objected. After public meetings, the Department granted the CON. St. Clair appealed to the Board which held hearings and then affirmed the grant of the CON. This appeal followed and the Department filed its Motion to Dismiss.

St. Clair contends that the Board erred because it applied the old State Health Plan, accepted and relied on the record from the Department's public meeting, including unsworn uncross-examined testimony, failed to independently review the evidence, and, in finding need, that the Board's findings were not supported by substantial evidence. Before this court can reach St. Clair's arguments, however, we must address the Department's Motion to Dismiss. The Department contends that the case is moot[2] because the existence of the CON provisions of the Act terminated on December 18, 1996.

Section 904.1 of the Act, 35 P.S. § 448.904a, the sunset provision, provides:

The authority, obligations and duties arising under Chapter 7 and all other provisions of this act pertaining to certificates of need shall terminate four years after the effective date of this section. Twelve months prior to this expiration, the Legislative Budget and Finance Committee shall commence a review of the impact of the certificate of need program on quality, access and cost of health care services, including the costs of appeals, reviewable under this act.

The effective date of the section was December 18, 1992, making the expiration date of all provisions of the Act relating to CON's December 18, 1996. The CON provisions

---

1. By order dated February 25, 1997, the Department's Motion to Dismiss was listed for argument and consideration with the merits of the appeal.

2. The Department's Motion also asserted that this court lacks subject matter jurisdiction; however, that basis was not pursued at oral argument.

were not revived by the Legislature prior to their expiration nor have they subsequently been reenacted. As such, the Department argues a CON presently has no legal effect and the case is moot.

St. Clair argues that the case is not moot because it is uncertain at this time whether the possession of a CON will have an effect on the applicability of other regulations or requirements or whether the CON provisions will be reenacted, possibly retroactively, by the General Assembly.[3] Although admitting that because the CON provisions have expired and nothing stops the Applicants or anyone else from opening a facility with gastroenterology operating rooms or any other service previously subject to CON approval, St. Clair argues that the Department may choose to use its continuing jurisdiction under the Act in a way that would give the prior possession of a CON some value.[4]

While that may be so, it is speculative, and appellate courts require that an actual controversy exist at all stages of review. *Rogers v. Lewis*, 540 Pa. 299, 656 A.2d 1368 (1995); *In re Gross*, 476 Pa. 203, 382 A.2d 116 (1978).[5] Judgments or decrees to which no effect can be given will not be entered by the courts. *Erie Insurance Exchange v. Claypoole*, 449 Pa. Superior Ct. 142, 673 A.2d 348 (1996). An issue can become moot due to an intervening change in the applicable law; to determine whether an issue is moot, the court looks to the present state of the law. *Gross.*

Here, because of the sunset provision, all provisions relating to CON's are no longer in existence. Even if we were to reverse the Board, Applicants could open and operate

their proposed facility or a different facility. The grant of the CON to Applicants and the possession of a CON by St. Clair for that matter has no effect under the present state of the law. Contrary to St. Clair's argument that CON's may in the future be given some legal status, that possibility does not create an actual controversy necessary for this court to consider the appeal. Because the CON which is the basis of this appeal has no legal effect and could not be withdrawn by the Department, even if St. Clair prevailed on the underlying merits of this appeal, the case is moot and we dismiss the appeal.

### ORDER

AND NOW, this 1st day of April, 1997, the appeal filed by St. Clair Memorial Hospital in the above-captioned matter is dismissed for mootness.

---

3. We take judicial notice of the fact that presently there are two house bills and one senate bill before committees proposing legislation requiring CON's. Two of those bills would reenact the prior chapter; one of the two would make the reenactment retroactive to December 18, 1996. It is axiomatic, however, that proposed legislation has no legal effect.

4. St. Clair also asserted that the Department of Public Welfare intends to or may sometime in the future regulate medical facilities such that facilities who previously possessed a CON would be favored.

5. Moot questions will not be considered except in rare instances where questions of great public importance exist, where exceptional circumstances exist, or when the question to be decided is by necessity a recurring one. *Minersville Area School District v. Pennsylvania Labor Relations Board*, 130 Pa.Cmwlth. 475, 568 A.2d 979 (1989). *See also Commonwealth v. Sal–Mar Amusements, Inc.*, 428 Pa. Superior Ct. 321, 630 A.2d 1269 (1993) (although technically moot, the case was considered because the issue would recur, and one of the parties continued to suffer detriment from the lower court's decision). St. Clair did not argue that any of these exceptions apply.