CHR Corp., d/b/a Rutter's,    :
        Appellant  :
            :
    v.       : No.  1174 C.D. 2021
            : Submitted: February 3, 2023
Upper Leacock Township   :
Zoning Hearing Board    :
and Upper Leacock Township  :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE        FILED:  May 19, 2023


   CHR Corp., d/b/a Rutter's (CHR), appeals from the decision of the Court of Common Pleas of Lancaster County (Common Pleas) dismissing as moot its appeal of the June 5, 2019 decision of the Upper Leacock Township (Township) Zoning Hearing Board (Board).  On appeal, CHR argues Common Pleas erred in determining its appeal was moot and that even if its appeal was moot, Common Pleas should have considered the merits of its arguments under an exception to the mootness doctrine.  Upon review, we affirm.

   CHR operates a convenience store and gas station on an approximately 12-acre parcel of land in the Township.  Board Dec., 6/5/19, at 2.  On January 28, 2019, CHR submitted a Zoning Application to the Township, pursuant to the

provisions of the Pennsylvania Race Horse Development and Gaming Act (Gaming Act),[1] requesting permission to add five video gaming terminals (VGTs) as an accessory use to its convenience store.[2] *Id.*

The Township's zoning officer denied CHR's application, because (a) VGTs are not an accessory use to a convenience store since they "are not a use customarily incidental and subordinate to a convenience store," and (b) VGTs are permitted under the Gaming Act only at truck stops, and CHR's property does not qualify as a truck stop under the Township's Zoning Ordinance (Ordinance)[3] or the Gaming Act. Board Dec., 6/5/19, at 3.

CHR appealed the zoning officer's decision to the Board. By written decision dated June 5, 2019, the Board denied CHR's appeal and upheld the zoning officer's denial of CHR's application. *Id.* at 15-16. On July 2, 2019, the General Assembly amended Title 53 of the Pennsylvania Consolidated Statutes to provide municipalities with a 60-day period within which they could enact a resolution prohibiting VGTs within their boundaries.[4] *See* 53 Pa.C.S. § 502. CHR appealed

_____

[1]  4 Pa.C.S. §§ 1101-1904.

[2]  Under the Gaming Act, a truck stop establishment may obtain a license to permit VGTs as an accessory use.

[3]  Upper Leacock Township, Pa. Zoning Ordinance (2015), *as amended*.

[4]  53 Pa.C.S. § 502 gave municipalities the ability to prohibit all VGTs within their boundaries, even if the VGTs had been existing and lawful before the municipality enacted its resolution. *See* 53 Pa.C.S. § 502(a)(1)(i), 502 (a)(1)(ii) ("A municipality may, by delivering a resolution of the municipality's governing body to the board no later than 60 days after the effective date of this subsection, prohibit the location of an establishment licensee within the municipality as follows: (i) Prior to the board approving an application and issuing an establishment license within the municipality. (ii) After an establishment license has been issued within the municipality."); 53 Pa.C.S. § 502(a)(2) ("An establishment licensee may not be located in a municipality which has exercised its option under this subsection."); 53 Pa.C.S. § 502(c) ("if a truck stop establishment has been approved for an establishment license or submits an application and the fees for an establishment license . . . and the municipality within which the truck stop establishment is located elects to prohibit establishment licenses under subsection (a), the board shall refund the fees to the applicant.").

2

the Board's decision to Common Pleas on July 3, 2019. Reproduced Record (R.R.) at 77a.

On July 18, 2019, the Township adopted a resolution prohibiting VGTs within the Township. Common Pleas' Op., 9/17/21, at 3. Common Pleas then declined to address CHR's substantive issues on appeal and determined the Township's adoption of a resolution prohibiting VGTs pursuant to the recently enacted provisions of 53 Pa.C.S. § 502 meant CHR could not install VGTs at its facility even if Common Pleas granted CHR's appeal. Common Pleas' Op., 9/17/21, at 3-8. Thus, Common Pleas dismissed CHR's appeal as moot. *Id.* at 4-8.

CHR appealed to this Court and argues its appeal is not moot because its property rights under the Ordinance to install VGTs have not been resolved and the Township could unilaterally rescind its prohibition of VGTs at any time. *See* Appellant's Br., at 7-9. Even if its appeal is technically moot, CHR argues this Court should consider the issues because CHR will suffer detriment without a court's decision on its rights under the Ordinance. *Id.* at 10-12.

Since "Common Pleas did not take additional evidence in this zoning appeal," this Court's role "is limited to reviewing the [Board]'s decision, not that of Common Pleas." *Dowds v. Zoning Bd. of Adjustment*, 242 A.3d 683, 695 (Pa. Cmwlth. 2020) (citation omitted). Thus, we evaluate whether the Board committed an error of law or abused its discretion. *Id.* With regard to whether the Board committed an error of law, we conduct a de novo review and "are not bound by the legal conclusions of the governing body or lower court[]." *EQT Prod. Co. v. Borough of Jefferson Hills*, 208 A.3d 1010, 1025 (Pa. 2019) (citation omitted).

Although we review the Board's decision, not Common Pleas' decision, we note Common Pleas reviewed the Board's decision using the same standard of

3

review we must use to review the Board's decision. In addition, Common Pleas considered the mootness issue in the first instance, because the General Assembly enacted 53 Pa.C.S. § 502 after the Board issued its decision. Having reviewed this matter, we conclude the Honorable Margaret C. Miller appropriately reviewed the Board's decision and correctly applied the mootness doctrine in dismissing CHR's appeal. Accordingly, we affirm Common Pleas' dismissal of CHR's appeal as moot on the basis of Common Pleas' well-reasoned opinion and order in *CHR Corp., d/b/a Rutter's v. Upper Leacock Township Zoning Hearing Board* (C.P. Lancaster, Case No. CI-19-06292, filed September 17, 2021).

 

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHR Corp., d/b/a Rutter's, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1174 C.D. 2021 |
| | : | |
| Upper Leacock Township | : | |
| Zoning Hearing Board | : | |
| and Upper Leacock Township | : | |

# **O R D E R**

    **AND NOW**, this 19th day of May 2023, the order of the Court of Common Pleas of Lancaster County, dated September 17, 2021, is **AFFIRMED**.

 

                                    _____

                                    STACY WALLACE, Judge

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed*****
Sep 17 2021 10:53AM
Ryan McMinn

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL

CHR CORP., d/b/a RUTTER'S          :
            *Appellant*         :

                        :

           vs.               :         No. CI-19-06292

                        :

UPPER LEACOCK TOWNSHIP     :

ZONING HEARING BOARD       :        LAND USE APPEAL
           *Appellee*          :

                        :

UPPER LEACOCK TOWNSHIP     :
           *Intervenor*        :

## OPINION

BY: MILLER, J
September 17, 2021

The instant matter arises from the July 3, 2019, Notice of Land Use Appeal ("Appeal") filed by CHR Corp., d/b/a Rutter's ("Appellant") from the June 5, 2019, decision of the Upper Leacock Township Zoning Hearing Board ("ZHB"). For the reasons that follow, the appeal is dismissed as moot.

## BACKGROUND

The property subject to appeal ("Property") is a convenience store with accessory fueling pump stations located at 370 West Main Street in Upper Leacock Township, Lancaster County, Pennsylvania. The Property is located within the General Commercial Zoning District ("GC

APPENDIX A

Zone").[1] In 2017, the Pennsylvania General Assembly passed Act 2017-52 amending the Race Horse Development and Gaming Act with respect to video gaming terminals ("VGTs").[2] Under the Gaming Act, an establishment license may be issued to permit VGTs to be operated as an accessory use on the premises of a truck stop establishment. On January 28, 2019, Appellant submitted a zoning permit application ("Permit Application") to the Upper Leacock Township Zoning Officer, Mark Diemler ("Zoning Officer") requesting permission to install five (5) video VGTs on the Property as an accessory use. By undated letter, the Zoning Officer denied Appellant's Permit Application for the following reasons: 1) VGTs are not an accessory use to a convenience store, the principal use at the Property; 2) VGTs are not a use customarily incidental and subordinate to a convenience store; and 3) the Property is not a truck stop as defined by the Upper Leacock Township Zoning Ordinance ("Zoning Ordinance") or under the Pennsylvania State Gaming Act ("Gaming Act").[3] Appellant appealed the Zoning Officer's denial of the Permit Application to the ZHB and a hearing was held on May 1, 2019. The ZHB issued a written decision on June 5, 2019, affirming the Zoning Officer's denial of the Permit Application and denying the appeal ("ZHB Decision").

---

[1] *See* Appellant's Notice of Land Use Appeal, pp. 3-4.

[2] *See* 4 Pa. C.S. §§3101; 58 Pa. Code §§ 1101.1.

[3] The Zoning Officer's letter states that while the Gaming Act permits VGTs at truck stops, under the Zoning Ordinance truck stops are a use only permitted in the Light Industrial Zone and not in the GC Zone; thus, finding the Property, located in the CG Zone, not a truck stop under the Zoning Ordinance. The Zoning Officer further states that the Gaming Act requires a minimum of twenty (20) tractor trailer parking spaces to be provided in order to be considered eligible for the location of VGTs at an approved truck stop and the Property only has eighteen (18) spots; thus, finding the Property not a truck stop under the Gaming Act.

On July 2, 2019, the Pennsylvania legislature amended Title 53, Municipalities Generally, of the Pennsylvania Consolidated Statutes to give municipalities the option to prohibit the location and operation of VGTs within their boundaries ("Municipal Option Amendment"). *See* 53 Pa. C.S. §502. Appellant filed the instant Appeal one day later, on July 3, 2019. On July 18, 2019, the ZHB adopted a resolution prohibiting VGTs ("VGT Prohibition Resolution") within the boundaries of the Township in accordance with the Municipal Option Amendment.[4] On July 25, 2019, Upper Leacock Township ("Township") filed its Notice of Intervention and on August 12, 2019, the ZHB filed the certified record. On September 23, 2019, Appellant filed its Brief in Support of Land Use Appeal. On October 22, 2019, the Township filed its Brief of Intervenor and on November 1, 2019, Appellant filed its Reply Brief thereto.

Instantly, Appellant's Appeal raises two issues for the court's consideration as it intends to pursue the installation of VGTs on the Property should the ZHB ever rescind the VGT Prohibition Resolution.[5] First, Appellant claims that the ZHB erred in determining that VGTs are not permitted at the Property as an accessory use. Second, Appellant claims that the ZHB erred in assessing whether the Property meets the qualifications for issuance of an establishment license under the Gaming Act. Accordingly, Appellant asserts that the ZHB erred as a matter of law and abused its discretion and thus requests that this court reverse the ZHB Decision that VGTs are not permitted by right as an accessory use on the Property. However, the Township argues, and the court agrees, that following the adoption of the VGT Prohibition Resolution by the ZHB and the filing of the

---

[4] *See* Brief of Intervenor Upper Leacock Township, pg. 3-2; Upper Leacock Township Resolution No. 2019-11.

[5] *See* Appellants Brief in Support of Land Use Appeal, pg. 4.

3

VGT Prohibition Resolution with the Pennsylvania Gaming Board, the issues raised by Appellant in the Appeal are moot.[6] Thus, having considered the briefs and arguments of the parties, the court must conclude there no longer exists a viable dispute for which the court may grant relief. Accordingly, the Appeal must be dismissed as moot.

## DISCUSSION

The mootness doctrine requires that a court should dismiss an appeal as moot unless there is an actual case or controversy at all stages of review. *Pilchesky v. Lackawanna County*, 88 A.3d 954, 964 (Pa. 2014); *Horsehead Resource Development Company, Inc. v. Department of Environmental Protection*, 780 A.2d 856 (Pa. Cmwlth. 2001). Further, the mootness doctrine requires that an actual controversy must exist at all stages of review, not merely at the time the complaint is file. *Paradise Materials, Inc. v Paradise Township*, 676 A.2d 1314 (Pa. Cmwlth. 1996). Appeals may be rendered moot by a new legislative enactment which supersedes the statute or ordinance under which the action was brought. *In re: Gross*, 382 A.2d 116 (Pa. 1978); *Paradise Materials, Inc. v Paradise Township*, 676 A.2d 1314 (Pa. Cmwlth. 1996). Principles of mootness are applicable in zoning matters, *Id.*; *Benoff v. Zoning Board of Adjustment*, 528 A.2d 705 (Pa. Cmwlth. 1987). An issue may become moot during the pendency of an appeal due to an intervening change in facts of the case. *In re Cain*, 590 A.2d 291, 292 (Pa. 1991).

If, while an appeal is pending, an event occurs which renders it impossible for the court to grant the request relief, the appeal will be dismissed as moot. *Benoff v. Zoning Board of*

---

[6] *See* Brief of Intervenor Upper Leacock Township, pg. 7.

*Adjustment*, 528 A.2d 705 (Pa. Cmwlth. 1987); *Commonwealth v. Smith*, 486 A.2d 445 (Pa. Super. 1984). An issue is moot if in ruling upon the issue, the court cannot enter an order that has any legal force or effect. *Chruby v. Department of Corrections*, 4 A.3d 764, 770–71 (Pa. Cmwlth. 2010). A court will not enter judgments or decrees to which no effect can be given. *St. Clair Memorial Hospital v. Department of Health*, 691 A.2d 1040 (Pa. Cmwlth. 1997). However, even if an issue is technically moot, a court may still choose to hear the issue if any one of three exceptions apply: (1) the issue is a question of great public importance, (2) the issue is capable of repetition and apt to elude appellate review, or (3) a party to the controversy will suffer some detriment due to the decision of the trial court to dismiss on mootness. *Chruby v. Department of Corrections*, 4 A.3d 764, 771 (Pa. Cmwlth. 2010).

Appellant acknowledges that it is not currently permitted to install VGTs on the Property due to the VGT Prohibition Resolution.[7] Nonetheless, Appellant does not concede that this matter is moot. In response to the Township's mootness argument, Appellant claims that the issues presented in its Appeal, notwithstanding Appellant's acknowledgment of its current inability under state law to install VGTs on the Property, have not changed and the VGT Prohibition Resolution did not divest Appellant's Appeal of a case and controversy.[8] First, Appellant argues it appealed the ZHB Decision to preserve its right to install VGTs in the future if the ZHB rescinds the VGT Prohibition Resolution.[9] Next, Appellant argues it would suffer prejudice if it fails to pursue the

---

[7] *See* Appellants Brief in Support of Land Use Appeal, pg. 4; Appellant's Reply Brief, pg. 3.
[8] *See* Appellant's Reply Brief to Brief of Intervenor, pg. 3.
[9] *Id.*

5

Appeal and the VGT Prohibition Resolution is subsequently rescinded, as Appellant would be required to submit a new zoning permit application to install VGTs on the Property.[10] Further, Appellant argues by ruling on the appeal, the court will ensure that the parties will not be required to relitigate this issue in the future should the VGT Prohibition Resolution ever be rescinded.[11]

However, the Township argues and this court agrees, that such a speculative form of relief requested by Appellant is abstract in nature and would serve as merely as an advisory opinion because the ZHB may never rescind the VGT Prohibition Resolution; thus, rendering the relief Appellant seeks as the type of relief the mootness doctrine intended to prevent.[12] The court also finds there is currently no case or controversy because the VGT Prohibition Resolution adopted by the ZHB currently does not permit the operation of VGTs within the Township; thus, even if this court were to reverse the ZHB Decision, the relief requested by Appellant would not produce any legal effect because the VGT Prohibition Resolution would still prohibit Appellant from installing VGTs.

Appellant has not claimed that any exception to the mootness doctrine would permit its Appeal to remain viable. Nevertheless, the court considered the exceptions and finds that none is applicable. This case does not involve conduct which is capable of repetition, yet likely to evade judicial review. *In re: Application of Milton S. Hershey Medical Center*, 595 A.2d 1290 (Pa. Super. 1991). Nor is it a case in which one of the parties will continue to suffer detriment due to the action

---

[10] *Id.*

[11] *Id.* at 3-4.

[12] *See* Brief of Intervenor of Upper Leacock Township, pg. 8.

of the ZHB. *Commonwealth v. Sal-Mar Amusements*, 630 A.2d 1269 (Pa. Super. 1993) (expiration of one year closure as nuisance bar does not render appeal moot since finding affects bar owner's liquor license and record with the Pennsylvania Liquor Control Board as well as bar owner's subsequent efforts to apply for, extend and/or maintain new or existing liquor license.) Lastly, this case is not one of the rare instances in which a case will be heard, although moot, due to its great public importance. *Meyer v. Strouse*, 221 A.2d 191 (Pa. 1966); *Conti v. Department of Labor and Industry*, 175 A.2d 56 (Pa. 1961).

The conclusion that the Appeal is moot becomes inescapable when one considers the practical consequences of the decision in this case. Even if the court were to sustain the Appeal, that ruling would not affect Appellant's current inability to install VGTs on the Property due to the enactment of the VGT Prohibition Resolution. There has been no challenge to the validity of the VGT Prohibition Resolution and it remains in force. Thus, a decision in this Appeal will have no effect whatsoever. If the court were to render a decision on the merits of this Appeal, it would be nothing more than an unwarranted and ill-advised advisory opinion. *Okkerse v. Howe*, 556 A.2d 827 (Pa. 1989) (advisory opinions are without legal effect); *In re: Condemnation by the Commonwealth Department of Transportation*, 515 A.2d 102 (Pa. Cmwlth. 1986) (advisory opinions are not within the purview of an appellate court's jurisdiction); *Courtney v. Ryan Homes, Inc.*, 497 A.2d 938 (Pa. Super. 1985) (courts are not instituted to render advisory opinions).

Thus, because the court finds Appellant's Land Use Appeal moot and Appellant has not established an exception to the mootness doctrine to which this court could address the merits of the Appeal, the court must dismiss the Appeal as moot.

Accordingly, the Court enters the following Order:

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL**

CHR CORP., d/b/a RUTTER'S      :
*Appellant*      :
     :
vs.      :      No. CI-19-06292
     :
UPPER LEACOCK TOWNSHIP      :
ZONING HEARING BOARD      :      LAND USE APPEAL
*Appellee*      :
     :
UPPER LEACOCK TOWNSHIP      :
*Intervenor*      :

## ORDER

**AND NOW**, this 15th day of September, 2021, Appellant's Land Use Appeal is **DISMISSED**

as moot for the reasons set forth in the foregoing Opinion.

ATTEST:

BY THE COURT:

MARGARET C. MILLER
**JUDGE**

Copies to:     Helen Gemmill, Esquire – Attorney for Appellant
Claudie N. Shank, Esquire – Attorney for Appellant
Robert E. Sisko, Esquire – Attorney for Appellee
William J. Cassidy Jr., Esquire – Attorney for Intervenor

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO: 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 9-20-21

8